Cheshire,  }
Dec., 1897. }

### STARKEY v. KINGSLEY.

A decree of distribution of the estate of a person deceased, made by the probate court after notice by publication to all parties interested, conclusively establishes the identity and title of the distributees.

Where distribution has been made in accordance with such decree, an heir who is not named therein cannot maintain assumpsit against the distributees for the recovery of a share of the estate.

In such case, the erroneous decree can only be attacked in a direct proceeding for its reformation.

ASSUMPSIT.   Facts agreed.   Daniel P. Kingsley of Springfield, Hampden county, Massachusetts, died October 23, 1886, leaving a will which was duly proved in that county, and by which he gave to the executor a portion of his estate in trust, to be paid under certain circumstances to his legal heirs.   July 3, 1895, the circumstances having occurred and the executor's account having been settled, the probate court for the county, upon the petition of an heir, decreed that the balance in the executor's hands should be distributed in equal shares among the ten persons named in the decree, it appearing that they were entitled thereto.   Notice of the hearing upon the petition was given, in accordance with the order of the court, " to the heirs-at-law, next of kin, and all other persons interested in the estate," by publishing the citation once a week for three successive weeks in a Springfield newspaper and by mailing a copy of it to all who were known.   The plaintiff claims to be an heir and entitled to the same share of the fund as each of the other heirs. She resided in Connecticut and had no knowledge of the will or any of the proceedings in the probate court relating to the estate until after the decree of distribution had been made and complied with.   No copy of the citation was mailed to her because

it was not known that she was, or claimed to be, an heir. The sum decreed to the defendant was $2,000 and was paid October 5, 1895. The plaintiff demanded of him one eleventh of this sum, March 1, 1896, and seeks to recover it in this action. The laws of Massachusetts relating to the questions to be considered are a part of the case.

*Clark C. Fitts* (of Vermont) and *John T. Abbott*, for the plaintiff.

*Batchelder & Faulkner*, for the defendant.

CHASE, J. The $2,000 in the defendant's possession was paid to him in satisfaction of a decree of a Massachusetts probate court. The plaintiff's case is based on the supposition that this decree was erroneous. She proposes to show that she was an heir of the testator, making eleven heirs instead of ten, and consequently that the defendant was entitled to only $1,818.18, and so has $181.82 in his possession which, in equity and good conscience, belongs to her. The question is whether the law will permit her to attack the decree in this way.

The Massachusetts act of March 16, 1895 (*c.* 134), gave the probate court jurisdiction of the subject-matter. The first section is as follows : " Whenever, by the provisions of a will, a legacy is to be distributed in whole or in part among the heirs or next of kin of any person . . . the probate court, on the application of any person interested, after such notice as it may order, may order distribution to be made to such individual or individuals as according to the will seem to be entitled to the legacy, and such order of distribution shall protect the executor or administrator obeying the same as fully as an order of distribution in an intestate estate." The object of the proceeding thus provided is to establish the title to the fund in the possession of an executor or administrator, as against all the world. Its nature is that of a proceeding *in rem.* *Shores* v. *Hooper*, 153 Mass. 228, 232. In such proceedings it is not always possible to give personal notice to all interested parties. The existence of an interest, or the names and residences of persons supposed to have an interest, are sometimes unknown and cannot be ascertained. But the interest itself is a guarantee that the person having it will probably learn of the proceedings if public notice of their pendency is given. Hence, the law generally regards notice by publication as sufficient in respect to such parties, even if it fails to reach them in fact. *Bonnemort* v. *Gill*, 167 Mass. 338, 339, 340. In this case the citation was broad enough in terms to include the plaintiff, and service was made in accordance

with the requirement of the statute and in the only way practicable under the circumstances. In contemplation of the law, she had notice of the pendency of the proceeding, and an opportunity to appear in it and assert her rights. Although she did not appear, the decree conclusively binds her in respect to the matters that were directly in issue in the proceeding. *Loring* v. *Steineman*, 1 Met. 204; *Parcher* v. *Bussell*, 11 Cush. 107; *Crippen* v. *Dexter*, 13 Gray 330; *Pierce* v. *Prescott*, 128 Mass. 140, 142; *McKim* v. *Doane*, 137 Mass. 195; *Shores* v. *Hooper*, 153 Mass. 228, 232; *Merrill* v. *Harris*, 26 N. H. 142; *Simmons* v. *Goodell*, 63 N. H. 458. "The immediate, direct, and sole purpose of the judgment was to ascertain and determine who were the persons entitled to a distributive share." *Pierce* v. *Prescott, supra,* 142. This could not be done without ascertaining who the testator's legal heirs were. The decree established the fact that they were the ten persons named in it, and that the defendant, being one of them, was entitled to $2,000 as his share of the fund. His title to that sum is *res adjudicata,* and the plaintiff cannot attack it in this action. Van Fleet Col. At., *s.* 17. If there is any proceeding of which the plaintiff can now avail herself to show that the decree is erroneous, it is a direct proceeding for its reformation instituted before the Massachusetts courts. *Metcalf* v. *Gilmore*, 59 N. H. 417, 436.

There should be judgment for the defendant.

*Case discharged.*

All concurred.