Carroll,
June, 1900.

BENNETT, *Adm'r*, v. SLOMAN *& a.*

Evidence that a party has not been heard of for seven years rebuts the presumption of the duration of life.

BILL IN EQUITY, for the construction of a will. Facts agreed.

Isabella Remick, a resident of Tamworth in this county, died January 10, 1892, leaving real and personal estate in this county and also real estate in Maine. Her will, made in January, 1879, contains the following clause:

" I make the following provision relative to my eight shares of the capital stock of the Casco National Bank at Portland, Maine, bought by me while Isabella Jacobs.

" 1st. The net income thereof shall be deposited in the Saco and Biddeford Savings Institution at Saco, in trust for my son,

Arthur T. Jacobs, who left Saco October, 1868, until the return of said Arthur to said Saco, unless information of the death of said Arthur be received before said return.

"2d. In case information of Arthur's death shall be received, then the accumulated and future net income from said bank stock shall be received during her life by my daughter, Mrs. Charlotte A. Sloman.

"3d. After the death of my said daughter, said net income from said bank stock shall be received by the child or children (if any such there be) of my son Arthur.

"4th. If my son Arthur shall leave no child, then said net income from said bank stock shall be received by the child or children (if any such there shall be) of my daughter Charlotte.

"5th. If my daughter Charlotte shall leave no child, then said net income from said bank stock shall be received by the child or children of my son Frank.

"If my son Arthur shall return to Saco he shall become the owner of said bank stock; but if he shall not return, said bank stock shall, after the other provisions herein relating to the income are complied with, become the property of the heirs of the child or children of my said son Frank."

Arthur T. Jacobs, son of the testatrix, was a soldier in the Civil War, and after his discharge he resided until 1868 at Saco, Maine. At that time he met with a heavy loss of government bonds, and the peculiar circumstances of their disappearance so affected him that he decided to leave Saco. Before going he made the following remark in the presence of his mother and sister: "It will be a long time before you see or hear from me again." At that time he was twenty-eight years old. Since his departure from Saco no member of his family has heard from him directly or indirectly, although due inquiry has been made. A former executor of the will and the plaintiff have both made active efforts to ascertain his whereabouts, but no information regarding him has been obtained. When he left Saco he was unmarried, and no report of his marriage has come to the knowledge of any person interested in his estate, or to the former executor, or to the plaintiff.

The shares of bank stock and their accumulated earnings are now held by the plaintiff as administrator *de bonis non* of the estate of Mrs. Remick and trustee under her will. Charlotte A. Sloman, one of the defendants, claims the dividends and their present accumulations, and also future dividends upon the shares during her lifetime. The plaintiff asks advice and direction as to the disposition of the accumulated income of the shares and the future dividends.

*William F. Russell*, for the plaintiff.

*George F. Haley* and *Leroy Haley* (both of Maine), for Charlotte A. Sloman.

BLODGETT, C. J. Upon the agreed facts, the legal presumption is that Arthur long since deceased. Evidence that a party has not been heard of for seven years rebuts the presumption of the duration of life. *Smith* v. *Knowlton*, 11 N. H. 191, 196; *Brown* v. *Jewett*, 18 N. H. 230, 231; *Forsaith* v. *Clark*, 21 N. H. 409, 425; *Mooers* v. *Bunker*, 29 N. H. 420, 432; *Winship* v. *Conner*, 42 N. H. 341, 344; *Boody* v. *Watson*, 64 N. H. 162, 189. This being so, and it evidently having been the intention of the testatrix, in case Arthur did not return to Saco, that Charlotte should have the use of the designated fund after sufficient time from the testatrix's death had elapsed to justify the presumption of his death, we are of the opinion that Charlotte is entitled to receive the present accumulations of the fund and its future income during her life, less the reasonable expenses of executing the trust; and the plaintiff is so advised.

*Case discharged.*

All concurred.