MARY F. GIERSCH, EXECUTRIX, *vs.* MARY A. GRADY.

First Judicial District, Hartford, May Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK AND WHEELER, Js.

When a conveyance is voluntary, and the trust fails or has been fully performed, the donee will take the estate free from all burdens, if it appears from the whole instrument that he was intended to take a beneficial interest in the estate; otherwise a trust will result to the donor or his heirs.

A drunkard conveyed certain land to his sister, who delivered to him a declaration of trust, convenanting to devote the income to his support and, after his death, to the support of an aunt, also to reconvey to him if he should live soberly for three years, or should marry and demand a reconveyance. None of these conditions were fulfilled. The covenant by its express terms was not to extend to his "heirs, executors, administrators, or personal representatives or assigns." In an action by the donor's executrix for a reconveyance it was *held:*—

1. That from the instruments themselves it clearly appeared that the donee was intended to retain the property, unless she should convey it back during the donor's life upon performance of the conditions; and that the surrounding circumstances showed that that was the reasonable construction to be put upon the language used.

2. That the subsequent signing of another document by the donee, indicating an intention to execute a quitclaim deed which, however, was to be held in escrow and used only on certain conditions, created no different trust.

3. That the donee was not estopped from claiming title, as against a third party who knew the circumstances, through having permitted the third party to collect rents for the donor's benefit.

Argued May 21st—decided July 26th, 1912.

ACTION for the conveyance of real estate claimed to belong to the plaintiff, but standing in the name of the defendant upon the land records of the town of Canton, brought to and tried by the Superior Court in Hartford County, *Greene, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Theodore M. Maltbie* and *Joseph P. Tuttle,* for the appellant (plaintiff).

*John W. Coogan,* for the appellee (defendant).

THAYER, J. In October, 1886, John J. Grady conveyed to his sister, the defendant, by a warranty deed, the land therein described, and on the same day the defendant executed and delivered to him a written declaration of trust, the essential part of which reads as follows: "I, Mary A. Grady . . . in consideration that John J. Grady . . . has this day conveyed to me his real estate situated in said Collinsville, . . . have covenanted, promised and agreed, and do hereby covenant, promise and agree, to and with the said John J. Grady as follows: That I will cause the rents, income and profits of said premises to be expended in paying the taxes and for the necessary repairs, improvements, insurance and other proper charges on said premises, and all sums remaining shall be applied to the proper care and support of said John J. Grady, during his life. ·

" Should Sarah Grady, an aunt of said John J. Grady, survive him, such sums so remaining after the taxes, repairs, improvements, insurance and other proper charges are paid, shall then be applied to the proper care and support of said Sarah Grady during her life.

"But in case said John J. Grady shall live industriously, temperately and creditably at any time hereafter

for the period of three years continuously, then I do covenant, promise and agree to reconvey to him said premises on demand and without any other consideration than that I shall be reimbursed for any balance if any there may be due to me for advances made to him or for the benefit of said estate, but such industrious, temperate and creditable life must have been continuous down to the time of such demand and reconveyance and have continued for at least three years prior thereto.

"It is further made a part of this agreement that the covenant, promise and agreement as expressed by this instrument does not extend to heirs, executors, administrators or personal representatives or assigns of said John J. Grady, excepting however that if said John J. Grady shall marry and after his marriage shall demand such reconveyance, I will reconvey said premises to him on demand by him."

John J. Grady died in 1911. He did not live industriously, temperately, and creditably after the deed was given for any period of three years continuously. He never married. He never made any demand for a conveyance to him of the property in question. The aunt, Sarah Grady, did not survive him.

The defendant caused the rents, income, and profits of the premises to be expended in paying the taxes and for necessary repairs, improvements, insurance, and other proper charges on the same, and all sums remaining were applied by the defendant to the proper care and support of John during his lifetime.

The plaintiff claims that the trusts which were created by the deed and declaration having ceased, the land reverts to John's estate or to his devisee. When the conveyance is voluntary, and the trust fails or has been fully performed, a trust will result to the donor or his heirs, unless it appears from the whole instrument that it was intended that the donee should take a bene-

ficial interest in the estate. Where it thus appears he will take the estate discharged of all burdens. 1 Perry on Trusts (5th Ed.) § 159. The Superior Court held that it was the intention that the defendant should take a beneficial interest in the property deeded to her, and that John alone was entitled to a reconveyance, and he only in case he performed the conditions precedent thereto which are provided for in the declaration of trust. These, the court has found, were not performed.

It seems clear from the instruments themselves, read without reference to the situation and circumstances surrounding the parties at the time, that the intention was that the defendant should have the property upon the death of John and of his aunt Sarah if she survived him, if he did not comply with at least one of the conditions, and make a demand that it be reconveyed to him. The clause declaring that the covenants contained in the instrument do not extend to the heirs, executors, or personal representatives of John indicates this quite clearly. This can only refer to the covenants as to a reconveyance, and its purpose evidently was to indicate that the defendant was to retain the property unless conveyed to John in accordance with the covenant.

The circumstances and conditions existing at the time of the transaction show that that is the reasonable construction to be put upon the language used. John was unmarried and shiftless—a drunkard. The defendant was one of two sisters who would be his heirs at law were he to die under the then existing conditions. In the absence of a will his estate would go to them. The effect of the instruments was such that if he persisted in his bad habits, and did not marry, the property at his death would belong to one of his two heirs at law, his elder sister; during his life he was relieved of its care, and had the income from it; if he reformed or married, he could recall the property upon demand. There is

Gelford *v.* Hartford.

nothing in the situation of the parties to indicate that their intention was not what the language naturally imports.

A document signed by the defendant some months after the original transaction, indicates that she intended to execute a quitclaim deed to John, to be deposited in escrow, so that in case she should die before he did, or in case he complied with the conditions of the covenant and demanded a reconveyance before her death, the conveyance might be made to him by the delivery of the deed. Such a quitclaim deed was never executed. The signing of this paper created no different trust than that which was originally created. It is consistent therewith, and indicates at most an intention on the part of the defendant that John should have the property in case he survived her, a case not provided for in the beginning.

The plaintiff's business relations with John began two years after the conveyance of the property to the defendant. There was nothing in the fact that the latter permitted her to collect the rents, and turn them over to John, which estops the defendant, as against her, from now claiming a beneficial interest in the land. The plaintiff had full knowledge that the title was in the defendant, and of the declaration of trust.

There is no error.

In this opinion the other judges concurred.