Hillsborough,  
Nov. 1, 1932.

DEMETRIOS VOLIOTES, *Adm'r v.* VICTORIA VENTOURA *& a.*

*Nicholas J. Costakis,* by brief, for the administrator.

*Philip Stylianos,* by brief, for the acknowledged heirs.

ALLEN, J. The acknowledged heirs rely upon the presumption that one not heard of for seven years by those who would naturally hear from or about him has died at the end of the period. The presumption is a well settled rule (*Bennett* v. *Sloman,* 70 N. H. 289, 291, and cases cited), but there must be competent evidence to prove the supporting facts. Proof that those likely to hear have not heard is essential. Their affidavits are neither their depositions nor their testimony, and are not admissible evidence of their contents. The affiants' statements, although given under oath, are no more than hearsay evidence of their truth. As the master employed the presumption in making his finding of the intestate's survival, and as the affidavits were used in some measure to support the findings on which the presumption rests, the error in receiving the evidence cannot be held immaterial.

The record shows an improper procedural course. The administrator, in the position of a stakeholder, is properly a party, but he has only an indifferent and neutral interest in the outcome of the appeal. The contest is over the inheritance, with which he is not concerned. For the acknowledged heirs to establish their claim that they are the only ones they must show the sister's death before the intestate's, but the administrator has no standing to oppose them in so doing. Their claim, however, should not be upheld through default of opposal. By the probate court's decree the sister was found to be living and it brought to the superior court's notice a possibility calling for action which would guard against any unintended default and would further a rightful award of the fund to be distributed.

If living, the sister may not be made a party to the appeal by service upon her of notice of it, because her unknown whereabouts prevents such service. Only by her appearance without service can she come within the court's jurisdiction. But the proceeding is of an *in rem* nature. The court has jurisdiction over the fund and its ownership is to be determined. All possible claimants to the *res* should be given opportunity to appear or their interests be represented. Notice by publication affords such opportunity and makes the final decree of distribution unassailable. If notice by publication was not ordered by the probate court under P. L., *c.* 311, *s.* 4, the superior court should order it before further proceedings.

Ensuing such notice, if no appearance by the sister is entered, the situation is then not of a claimant whose whereabouts is unknown, but of determining whether there is such a person. Justice requires that before any trial the court should appoint someone in opposal to the position of the acknowledged heirs and with authority like that given an agent appointed for unknown parties in interest in the proof of a will in solemn form in pursuance of P. L., *c.* 298, *s.* 11.

*New trial.*

All concurred.