Cheshire,
Jan. 5, 1949. } No. 3791.

HENRY C. SMITH, *Adm'r v.* MATTIE L. WYMAN PRATT.

*Walter H. Gentsch*, for the plaintiff, furnished no brief.

*Roy M. Pickard* (by brief and orally), for the defendant Pratt.

*Arthur Olson* (by brief and orally), for the creditor, McLaughlin.

DUNCAN, J.   In support of her claim of complete ownership of the property, the defendant relies upon her record title and the failure of the decedent to exercise the power of disposal conferred upon her by the declaration of trust.   The decedent's creditor seeks to establish a resulting trust in favor of the estate by reason of the alleged payment of the purchase price for the premises by the note of the decedent given to the bank.

The declaration of trust contains no provision controlling disposition of the trust *res* upon the death of the principal beneficiary, Mrs. Knotts, without having exercised her power of disposal.   It is devoted primarily to definition of the respective interests of Mrs. Knotts and the trustee *inter se* during the life of Mrs. Knotts.   While the trust was declared to be for the latter's benefit, it was subject to the right of the trustee to use and occupy the premises during her lifetime. Subject to that right, Mrs. Knotts was entitled to equal use and occupancy, and to dispose of the premises "by will or otherwise." For herself, her heirs and assigns, the trustee agreed to pay one half of the recurring expenses of the property, and that she or they would not increase the mortgage or create any new mortgage or undertake any major alterations except upon written direction or with written approval of the beneficiary.   She agreed to release to the beneficiary her right to occupy the premises upon "reimbursement for the cost of any major alterations," in the event that she no longer desired to occupy the same or that "a particularly advantageous price" for the same should be obtainable.

The agreed facts do not disclose the circumstances which prompted the transactions culminating in the declaration of trust by the defendant.   The clauses defining with particularity the relative rights of the defendant and Mrs. Knotts show a purpose to endow the latter with almost complete control of the property, although legal title was

in Mrs. Wyman. Whether the arrangement was made to permit Mrs. Knotts to dispose of the property without interference by her husband, or to protect her from her own improvidence, or for some other reason, is a matter of speculation.

So far as the express trust discloses its purpose, it indicates only an intention that the trustee and the beneficiary should each have a life estate so long as she chose. Had the property been sold, at Mrs. Knott's direction and for a "particularly advantageous price," the proceeds of the sale would have belonged to her, subject only to "prior reimbursement" of Mrs. Wyman for any major improvements or alterations made after the declaration of trust. Significantly, although Mrs. Wyman agreed to release her life estate in such a case, there was no requirement that she should be paid its value. Further, she was precluded from borrowing against the property without Mrs. Knotts' consent. By will Mrs. Knotts might have directed conveyance of the premises to any nominee, subject only to Mrs. Wyman's life estate. This she did not do; nor was the property disposed of in any other way. The trust instrument fails to disclose the intention of the declarant concerning disposition of the *res*, in the contingency which has arisen.

In such a case, in the absence of evidence of an intention that the beneficial interest shall pass to some one else, it will result to the creator of the trust. Normally the creator of a trust established by declaration is the declarant; but this is not necessarily so. While the declaration was made by Mrs. Wyman it does not necessarily follow that she was creator of the trust. The circumstances surrounding the conveyance of the premises to her must be examined. So far as appears, the acquisition of title from Turner, the declaration of the trust, and the substitution of the Knotts' note and Wyman mortgage for the like note and mortgage given by Turner, constituted a single transaction. They occurred on the same day. The only consideration disclosed by the record for Turner's conveyance to Mrs. Wyman was Mrs. Knotts' note, given to the bank in exchange for Turner's. There is no suggestion of any relationship by blood or marriage between Mrs. Knotts and Mrs. Wyman which might give rise to a presumption that the property was purchased as a gift by one to the other. There is no evidence of any payment by Mrs. Wyman, and none that Mrs. Knotts' note was a gift or loan to Mrs. Wyman.

In this situation, Mrs. Knotts must be deemed to have been the purchaser of the premises and the creator of the trust. Restatement, Trusts, *ss.* 424, 425, 434, 435, and *comments* thereunder. The con-

sideration for the conveyance which was accompanied by creation of the trust moved from her. The express trust created has not exhausted the *res*, and the instrument reveals no intention that the trustee should have the property in the contingency which has now arisen. Cf. *Woodbury* v. *Hayden*, 211 Mass. 202. See *Giersch* v. *Grady*, 85 Conn. 685; Restatement, *supra*, *s.* 412, *comment* d. On the contrary, it was expressly provided that she should have a life estate. From the purchase by Mrs. Knotts, a trust results in her favor of the remainder interest, not otherwise disposed of by the express trust. *French* v. *Pearson*, 94 N. H. 18; *Foley* v. *Foley*, 90 N. H. 281; *Lahey* v. *Broderick*, 72 N. H. 180; *Crowley* v. *Crowley*, 72 N. H. 241; *Hall* v. *Congdon*, 56 N. H. 279, 282. See also, Restatement, *supra*, *ss.* 430, 431.

Accordingly the defendant holds title subject to a resulting trust of the remainder after her life estate, in favor of the estate of Lillian A. Knotts. Should the realized value of the estate's interest prove to be more than sufficient to satisfy the claims of creditors, in the continued absence of known heirs disposition of any balance will be governed by the provisions of R. L., *c.* 360, *ss.* 8-12.

*Decree for the plaintiff.*

All concurred.