Merrimack,
No. 5359.

### In re Edwin L. Bunker Estate.

Submitted June 2, 1965.
Decided July 21, 1965.

*Cofran, Quint & Greenhalge* (by brief) for Albert J. Yeaton, administrator.

KENISON, C.J. The first question transferred is whether a first cousin, by adoption, takes equally with other first cousins. The answer to this question is yes. *Anderson* v. *French*, 77 N. H. 509; Annot. 43 A.L.R. 2d 1183, 1202. The controlling statute provides that an adopted child inherits through his adoptive parent. "461:6 EFFECT OF DECREE. The child so adopted shall bear the same relation to his adopting parents and their kindred in respect to the inheritance of property and all other incidents pertaining to the relation of parent and child as he would if he were the natural child of such parents, except that he shall not take property expressly limited to the heirs of the body or bodies of the adopting parents, and if he dies under age or intestate, leaving property received by gift or inheritance from his natural kindred, such property shall be distributed as if there had been no decree of adoption."

The second question transferred without ruling by the probate court is whether first cousins, although illegitimate, take equally with other first cousins. This question requires an affirmative answer. Hoyt's Probate Practice 243 (1901) as explained at page 18 of 1908 notes to Hoyt's Probate Practice. "561:4 BASTARDS, INHERITANCES. The heirs of a bastard in the ascending and collateral lines shall be the mother and her heirs; and bastards and their issue shall be heirs of the mother and her kindred." The addition of the last three words of this statute, "and her kindred" by Laws 1905, ch. 4 corrected the injustice pointed out in *Reynolds* v. *Hitchcock*, 72 N. H. 340 decided in 1903 holding that a bastard and his issue could not inherit from his mother's collateral kindred. The decision in *Young* v. *Bridges*, 86 N. H. 135 is not controlling because there is no evidence in this case that the illegitimate daughter of the intestate's aunt was ever adopted. RSA 561:4 as amended in 1905 requires that the illegitimate daughter of the aunt of the intestate take equally with other first cousins. Hoyt, Law of Administration in New Hampshire 64 (1916).

The third question is whether first cousins who are of the half blood take equally with other first cousins. In other words do the four living children of the two half brothers to intestate's mother take equally with other first cousins. The answer to the third question is yes. *Prescott* v. *Carr,* 29 N. H. 453; Hoyt, Law of Administration in New Hampshire 63 (1916); Annot. 54 A.L.R. 2d 1009, 1017.

The fourth question involves the four living children of Elbridge J. Robbins. Do children of a deceased first cousin take the share which their parent would have taken, by representation? RSA 561:3 provides that "No representation shall be allowed among collaterals beyond the degree of brothers' and sisters' grand-children." Under this statute and the cases construing it children of a deceased first cousin do not take his share by representation. *Green* v. *Bancroft,* 75 N. H. 204; *Page* v. *Parker,* 61 N. H. 65. The answer to the fourth question is no. See *Coram* v. *Connell,* 103 N. H. 26; Annot. 54 A.L.R. 2d 1009, 1027-1028.

The essence of the final inquiry is how the estate shall be distributed. The surviving first cousins being all related to the decedent in the same degree take equally and per capita. Hoyt's Probate Practice 242 (1901); *Colony* v. *Colony,* 97 N. H. 386, 395-396. The entire estate should be distributed in six equal shares to Walter Bunker, the adopted son of Cyrus; to the illegitimate daughter mentioned in the reserved case; and to James M. Steele, Richard A. Steele, Frederick C. Steele and Grace Steele Chase, the four children of the decedent's mother's two half-brothers.

*Remanded.*

All concurred.