Hillsborough County Probate Court
No. 7490

*In re* Elizabeth B. Gault Estate

November 30, 1976

*Christy & Tessier* and *Thomas J. Tessier,* by brief, for Carl H. Frye, Mildred F. Foster, Harold Field and Dorothy Wilcox, heirs-at-law to Elizabeth B. Gault.

*Clancy & O'Neill,* by brief, for *Frank B. Clancy,* guardian ad litem for Jonas Freeman Parker and his unknown heirs.

*Enright, Lizotte & Drescher* for Jessie A. Falconer, administratrix of the estate of Elizabeth B. Gault, filed no brief.

PER CURIAM. Certification of questions of law by the Hillsborough County Probate Court *(Copadis,* J.), pursuant to RSA 547:30, relating to questions of administration and distribution in the estate of Elizabeth B. Gault, who died intestate on March 31, 1972.

The certified questions transferred are:

"1. Should distribution be made to the decedent's known heirs-at-law without regard to whether or not decedent's half-brother, Jonas F. Parker, or his children or grandchildren can be located?

"2. If the answer to the first question is "yes," do the grandchildren of the decedent's deceased half-sister take in equal shares as a class, or does Marion Bosquet, the decedent's first cousin, being of the same degree of kinship to the decedent, share equally with said grandchildren?

"3. If the answer to the first question is "no," should distribution be made according to the statute on descent and distribution to the decedent's half-brother and the grandchildren of the decedent's deceased half-sister by right of representation under RSA 561:3?

"4. If the answer to the third question is "yes," should the share of the decedent's half-brother be paid to the State Treasurer under RSA 561:10?

"5. If the answer to the third question is "no," should distribution of the total estate be delayed until the expiration of three years from the date of payment of said estate to the State Treasurer under RSA 561:10?"

Initially we refused to consider this case because it involved conflicting interests and no briefs were filed. *In re Estate of Gault,* 116 N.H. 525, 363 A.2d 195 (1976). At that time, we gave the opportunity to all interested parties to file briefs, which has now been done.

The decedent, Elizabeth B. Gault, died a widow, without issue or parents surviving. She was the only child of her father's second marriage, his first union having produced two sons and a daughter. The decedent's only known survivors in the nearest degree are the four grandchildren of her half-sister, and her first cousin, Marion Bosquet. One of the decedent's half brothers is known to have died without issue. The history and location of the other half-brother, Jonas Freeman Parker, is unknown. He is reported as having last been heard from in 1901 at Fort Worth, Texas. The administratrix has been unable to discover whether he ever married or left issue.

On March 1, 1974, the administratrix filed with the probate court a petition for a decree of distribution, designating therein the persons believed to be entitled to distribution as the four surviving grandchildren of the deceased's half-sister and the unknown issue of Jonas F. Parker, the latter's share to be held by the State treasurer pursuant to RSA 561:10.

We do not agree that the unknown issue of Jonas F. Parker are entitled to share in the distribution of the decedent's estate. RSA 561:10 and 561:12, to which the administratrix refers, do not apply herein, for those statutes address the case of a distributee whose identity and title have been conclusively established by a probate decree, but whose location is unknown. *See Smith v. Pratt,*

95 N.H. 337, 63 A.2d 237 (1949); *Voliotes v. Ventoura,* 86 N.H. 52, 53, 162 A. 921, 922 (1932). Similarly, RSA 561:9 does not apply, for that statute deals with a situation in which no heir or legatee can be ascertained.

In the case at bar, known heirs do exist, *i.e.,* the four grand-nieces and grandnephews of the decedent. Assiduous efforts have been made to ascertain the existence of any other heirs who would be equally entitled to inherit, including the publication of legal notices once a week for three successive weeks in the *Milford Cabinet* and *Wilton Journal* of Milford, New Hampshire, the *Union Leader* of Manchester, New Hampshire, and the *Fort Worth Star Telegram* of Fort Worth, Texas. Furthermore, a genealogical ser-vice was retained by the guardian ad litem in an attempt to locate any heirs of Jonas F. Parker who might exist. We hold that in the absence of any showing that Jonas is still living at the age of 117, or that he ever had issue, the failure of the diligent search by the guardian ad litem to discover unknown heirs is sufficient to create the presumption that no such heirs exist, *see Voliotes v. Ventoura,* 86 N.H. 52, 162 A. 921 (1932); *Emerson v. White,* 29 N.H. 482, 497 (1854), and to entitle the probate court to order distribution to the decedent's known heirs-at-law in accordance with the statutes governing descent and distribution. *Starkey v. Kingsley,* 69 N.H. 293, 39 A. 1017 (1897); L. Hoyt, Probate Practice 254 (1901).

RSA 561:1 IV at the time of Elizabeth B. Gault's death pro-vided that where there is no surviving spouse, issue or parent, the brothers and sisters or their representatives inherit in equal shares. RSA 561:3 provides that representation extends to the grandchildren of a decedent's brothers and sisters. Accordingly, each of the four grandchildren of the decedent's half-sister is enti-tled to receive one quarter of the estate. The fact that these heirs descend from a half-sister, rather than from one of the whole blood, is immaterial in this case. *Prescott v. Carr,* 29 N.H. 453 (1854); L. Hoyt, Law of Administration in New Hampshire 63 (1916); 2 W. Treat, Probate Law § 668, at 214 (1968); *see In re Bunker Estate,* 106 N.H. 391, 393, 211 A.2d 902, 904 (1965). Mar-ion Bosquet, the daughter of a deceased uncle of the decedent, is not entitled to inherit, since under RSA 561:1 V, as it read at the relevant date, distribution would be made to her only if no sib-lings or their representatives had survived the decedent.

The above answers to the first two certified questions make it unnecessary for us to respond to the remaining three questions.

*Remanded.*