80  625
93  573

80  625
106  429

80  625
120  453

[No. 13124.    Department Two. — September 30, 1889.]

# IN THE MATTER OF THE ESTATE OF GERSHOM P. JESSUP, DECEASED.

ESTATE OF DECEDENT — EXECUTOR NOT INTERESTED IN CONTEST BETWEEN HEIRS — ATTORNEY'S FEES FOR RESISTING CLAIM OF HEIR NOT ALLOWABLE. — An executor cannot represent either side in a contest respecting the rights of different claimants to the distribution of the estate, and consequently is not entitled to an allowance for fees paid to an attorney for his services in resisting the claim of a pretermitted heir.

APPEAL from an order of the Superior Court of the city and county of San Francisco settling the accounts of the executors of the last will of a decedent.

The facts are stated in the opinion of the court.

*H. I. Kowalsky*, and *W. H. L. Barnes*, for Respondent.

*John H. Dickinson*, for Appellants.

The COURT. — This appeal is from an order settling the annual account of Isaac Jessup and S. O. Putnam, executors of the last will and testament of Gershom P. Jessup, deceased. The alleged error consists of the disallowance by the court of certain items of account for moneys expended by the executors in the employ-

ment of counsel to resist the claim of Richard P. Jessup to the estate as the pretermitted heir of the deceased. As to the value of the legal services of the attorneys, no question arises. But the contention of the respondents is, that the contest was between the legatees named in the will and the pretermitted heir, and that in such a contest the executors cannot represent either side. In *Roach* v. *Coffey,* 73 Cal. 281, the court said: "We think that it is the settled law of this state that an administrator cannot represent either side of a contest between heirs, devisees, or legatees contesting for the distribution of an estate. He cannot litigate the claims of one set against the other. His duty is to preserve the estate and distribute it as the court shall direct. (*Estate of Wright,* 49 Cal. 550; *Bates* v. *Ryberg,* 40 Cal. 465; *Estate of Marrey,* 65 Cal. 287.) It is true that in none of these cases was the question of the allowance of attorney's fees directly involved; but the right of executors or administrators to litigate adverse claims of heirs, legatees, or devisees necessarily involved the right to employ counsel for that purpose. The right to employ counsel depends upon the right to litigate.

Order affirmed.