[No. 2706. Decided October 5, 1897.]

Sarah J. Wilbur, *Administratrix, Appellant,* v. John David Wilbur *et al., Respondents.*

EXECUTORS AND ADMINISTRATORS — COMMISSIONS — ATTORNEYS' FEES — DISTRIBUTION — ORDER OF SALE TO PAY COSTS.

An administratrix is entitled to the statutory commission for administering upon the realty belonging to a decedent's estate according to the appraised value thereof, in the absence of any showing that that was not its actual value.

A decedent's estate cannot be charged with the expense of attorney fees incurred by the administratrix in securing her appointment as such.

A decedent's estate cannot be charged with an attorney's fee contracted by the administratrix for litigating her right to inherit, in an attempt by her to establish a claim as sole heir.

A decree upon distribution of an estate, that unless the parties interested, within thirty days from the entry of the order, paid the costs of administration, sufficient of the real estate should be sold to satisfy the same, is not open to the objection of being a decree distributing the estate subject to a lien.

Appeal from Superior Court, Skagit County.—Hon. H. E. HADLEY, Judge. Reversed.

*E. C. Million*, for appellant.

*Sinclair & Smith*, and *Lindsay, King & Turner*, for respondents.

The opinion of the court was delivered by

SCOTT, C. J.—This is an appeal from an order fixing the compensation of the administratrix. A motion is made to dismiss, for the reasons that the same is not an appealable order, and that the appellant, as administratrix, has no right to appeal therefrom.

The first point was recently decided against the respondent in *Horton v. Barto;* and in answer to the second, it appears that the notice of appeal and bond were given by the appellant in an individual, and not in a representative, capacity, so that the contentions of the respondents were complied with, even if the point would have been good otherwise. The fact that the word "administratrix" appears after the appellant's name does not militate against this, for the appeal was not taken in that capacity, and the word was nothing more than descriptive of the person, if it was entitled to any significance.

We find it unnecessary to consider the further question, that the costs should be taxed to the administratrix personally, as the judgment must be reversed upon the merits.

The next point has also been decided in the case alluded to, since this matter was tried in the lower court. The real estate was appraised at $11,345, but the court allowed compensation thereon only in the sum of $150, without any proof of an over valuation. In the absence of any showing to the contrary, it must be presumed that the appraised value represented the actual value of the real estate, and upon the authority of the case referred to, the appellant was entitled to the statutory commission thereon.

It is next contended that the court erred in refusing to allow the administratrix an item of $250, charged for attorney's fees contracted by her in procuring letters of administration; but this was not a proper charge against the estate. It was optional with the appellant whether she employed an attorney or not. It was a debt contracted in advance of any authority on the part of appellant to obligate the estate to pay therefor, and was a personal liability only.

It is also contended that the court erred in refusing to allow the appellant $500 as attorney's fees for resisting the claims of one Follansbee and others to an interest in the estate. Two appeals were taken in said matter. The court found against Follansbee, but found that certain other of the claimants were entitled to share in the estate, and the judgment as to them was affirmed. The appellant claimed to be sole heir to the estate and prosecuted her appeal for a reversal of the decree. The question involved was one of heirship, and the estate ought not to be charged with an attorney's fee contracted by the administratrix for litigating her right to inherit. *In re Jessup's Estate*, 80 Cal. 625 (22 Pac. 260).

It is next contended that the court erred in decreeing a distribution of the estate upon the condition that the costs of administration, etc., be paid in, it being urged that

the court had no authority to decree a distribution of the estate subject to such a lien; and this point would be well taken if it were sustained by the record. But it appears that the order simply provided that unless the parties interested, within thirty days from the entry of the order, paid the charges in question, sufficient of the real estate should be sold to satisfy the same. There was nothing requiring the parties to comply with this order. It was optional with them to make the payment and have the property distributed without a sale, or to decline to make it and have sufficient of the real estate sold to discharge it. We find no error in this respect.

But upon the question of the allowance of compensation to the appellant, the case must be reversed, and it is remanded for further proceedings.

REAVIS, ANDERS and DUNBAR, JJ., concur.