# BARKSDALE *v.* MORGAN.

---

APPEALS; EXECUTORS AND ADMINISTRATORS.

1. It is a condition precedent to the right of appeal to this court, that the appellant show that he is directly aggrieved by the order appealed from.
2. An appeal does not lie by an executor from an order made in an equity cause sustaining an exception to a report of the auditor allowing the .claim of an attorney for a fee for professional services in acting for the executor in a contest over the validity of the will, under an order of the probate court authorizing the executor to employ counsel,

for the reason that the executor, as such, has no interest in the claim and therefore no right of appeal.

No. 2084. Submitted February 17, 1910. Decided March 1, 1910.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia sustaining exceptions to a report of the auditor allowing counsel fees to counsel employed by the complainant as executor in a will contest, and also on a motion to dismiss the appeal.

*Appeal dismissed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a final decree of the supreme court of the District of Columbia in equity refusing appellant, Noel W. Barksdale, an allowance of an attorney's fee as a claim against the estate of which he is executor.

It appears that one Charles R. Morgan died on the 24th day of October, 1905, leaving a last will and testament, in which he disinherited his infant children and devised his property to his brothers and sister. The appellant was named as executor and, as such, offered the will for probate and record. The children of the testator, by their guardian *ad litem,* filed a caveat to the will. The executor asked leave of the probate court to employ counsel to defend the will, and the court, on the petition, made the following order: "This cause coming on to be heard on the petition of Noel W. Barksdale this day filed, and the same having been duly considered by the court, it is this 19th day of April, 1906, ordered that the said Noel W. Barksdale be, and he is hereby, authorized to employ counsel to defend the contest over the will of the said Charles R. Morgan, and to incur such expenses in said defense as may be necessary, the fees of said counsel and the said expenses to be paid out of the said estate."

Acting under this authority of the court, the executor employed Andrew A. Wilson, a member of the bar, to represent him in the will contest. Wilson took charge of the litigation,

which extended over a period of three years, including a trial in the court below, which resulted in a verdict against the will. Counsel for the executor brought the case on appeal to this court, where it was reversed and a new trial ordered. [30 App. D. C. 436]. Subsequently, a compromise agreement was entered into between the representatives of the children of Charles R. Morgan and the devisees under the will, wherein it was agreed, in general terms, that the estate should be divided equally, one half of the property to go to the children of Morgan as of the date of his death and the other half to go to the devisees under the will. In pursuance of this agreement, the case was again formally submitted to a jury, and a verdict returned in favor of the will on all the issues. Accordingly the will was admitted to probate and record, and letters testamentary were granted to appellant.

When the executor received the assets of the estate, some question having arisen as to the proper parties to share in the distribution, and as to the rights of the parties to enter into the compromise agreement, it was agreed that the executor should file a bill in equity bringing in all parties, and ask the court to ratify the compromise agreement and direct the executor to make distribution and settle the estate under the order of the court. The bill was filed, the parties appeared, testimony was taken, and the court passed a final decree ratifying the compromise agreement, construing the will, and directing the executor as to the distribution. Under this decree the court directed that "all debts of the estate, and all costs and expenses of administration, shall be charged against the estate, before division thereof," and referred the matter to the auditor to advertise for creditors, and state the executor's account in accordance with the decree.

The auditor in his report, among other items of expense, allowed $2,000 as counsel fee. The representatives of the children of the testator filed exceptions to the allowance of the counsel fee as set forth in the report of the auditor. This matter came on for hearing upon exceptions to the auditor's report, and the court sustained the exception to the allowance of a

counsel fee and confirmed the report in all other particulars. From this order sustaining the exception, the appellant, as executor, noted an appeal, and has brought the case here for review.

The appellant, *Mr. Barksdale,* appeared in proper person.

*Mr. J. K. M. Norton* and *Mr. Henry E. Davis* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

At the outset we are met with a motion to dismiss the appeal on the ground that the appellant has no interest in the appeal: "First, because, as executor of the estate of Charles R. Morgan, he should resist any claims against the estate, or, at least, remain neutral; and, second, because, as executor, he has no interest in the claim presented by Andrew A. Wilson, and certainly has no right to appeal from a decree denying the claim." It is clearly apparent that the motion to dismiss must be sustained. Under our statute, it is a condition precedent to the right of appeal that the appellant must show that he is directly aggrieved by the order appealed from. The fee claimed does not represent money paid out by appellant as executor, but a claim of Wilson against the estate. The disallowance of the claim does not in any sense legally aggrieve the appellant. The fiduciary relation which he sustains to the testator's estate forbids the presumption that he could, in any respect, have a pecuniary interest in the allowance of this claim. That being true, he is placed by this appeal in the attitude of prosecuting a claim against the estate which it is his duty to defend. In other words, he appears in a position adverse to the interests of the estate.

If the appellant, as executor, had paid this fee out of the funds of the estate in his hands, and the court had refused to allow him credit therefor, we would be confronted with a very different case. Then, he would be directly and personally in-

terested, and he could appeal from the disallowance of this portion of his account. It will not do to say that, because this arose in a proceeding in equity to which the attorney Wilson was not a party, he could not appeal from the order of the court below disallowing his claim, and it therefore became the duty of the executor to protect his interests. He could easily have intervened and become a party for the purposes of protecting his claim. The following paragraph from the report of the auditor indicates that Wilson appeared before the auditor and presented his claim, which was subsequently embraced in the auditor's account: "The claim of Andrew A. Wilson, Esq., for allowance of a fee for services rendered in the proceedings upon caveat to the will is presented in connection with the order of reference, and testimony was taken herein of the said counsel, detailing the character and extent of said services, together with the evidence of a number of members of the bar as to the value of such services. * * * Upon the record and proof submitted in this reference both as to services and value, I have no hesitancy in reporting in the accounts herewith an allowance of counsel fees to Mr. Wilson in the sum of two thousand dollars ($2,000)." When this report was returned to court, Wilson took his chances of having his claim allowed in that condition, and if, when the court refused it, he was not in position to except and appeal, we cannot assume any responsibility for his absence in this court. Since the motion must be sustained, it becomes unnecessary to consider this cause on its merits. The appeal is dismissed, with costs, and it is so ordered.                                      *Dismissed.*