[No. 22336. Department Two. April 24, 1930.]

*In the Matter of the Estate of* MARY E. THOMPSON, *Deceased.*[1]

*Crass & Hardin,* for appellant.
*McMaster, Hall & Schaefer,* for respondent.

MAIN, J.—This is an appeal from an order of the superior court disallowing certain items in the final account of an executrix. Mary E. Thompson died testate October 2, 1926. In her will she devised and bequeathed substantially all of her estate to Nellie E. Jones, who was named as executrix. During the course of the administration, George F. Brown filed a claim against the estate, asserting a right to all of the property thereof by virtue of a contract which the decedent, during her lifetime, had made with him. The claim of Brown was disallowed, and thereupon an action was brought and a judgment recovered sustaining his claim to the estate, which judgment was affirmed upon appeal. *Brown v. Jones,* 150 Wash. 449, 273 Pac. 194. In conducting the litigation, the executrix expended certain sums for witness fees, preparing a statement of facts, transcript, and the printing of a brief. These

[1]Reported in 287 Pac. 21.

are the items disallowed in the final account, and it is from that part of the order that the executrix appeals.

The question is whether, in the litigation referred to, Mrs. Jones, the executrix, was representing herself, as beneficiary under the will, or the estate of the deceased. If she was representing herself as beneficiary, the order of the trial court in disallowing the items was correct. On the other hand, if she was representing the estate, the judgment cannot be sustained.

Section 489, Rem. Comp. Stat., provides:

"In [an] action prosecuted or defended by an executor, administrator, trustee of an express trust, or a person expressly authorized by statute, costs shall be recovered as in an action by or against a person prosecuting [or defending] in his own right, but such costs shall be chargeable only upon or collected of the estate of the party represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally for mismanagement or bad faith in such action or defense."

It will be noted that, in that section, where an action is prosecuted or defended by an executrix, she is entitled to recover costs as in an action prosecuted or defended by or against a person in his own right, and that such costs shall be chargeable only upon or collected out of the "estate of the party represented."

The question then, as already stated, is whether, in the litigation in which Brown asserted a right to the *corpus* of the estate, Mrs. Jones was representing herself, as beneficiary under the will, or representing the estate. Where there are rival claimants to the *corpus* of an estate, an executor or executrix cannot represent either side. *In re Jessup's Estate,* 80 Cal. 625, 22 Pac. 260. In *Wilbur v. Wilbur,* 17 Wash. 683, 50 Pac. 589, it was held that an estate of a decedent could not be charged with an attorney's fee contracted by an ad-

ministratrix for litigating her right to inherit as sole heir. It was there said:

"The appellant claimed to be sole heir to the estate and prosecuted her appeal for a reversal of the decree. The question involved was one of heirship, and the estate ought not to be charged with an attorney's fee contracted by the administratrix for litigating her right to inherit. *In re Jessup's Estate,* 80 Cal. 625 (22 Pac. 260.)"

In *In re Lotzgesell's Estate,* 62 Wash. 352, 113 Pac. 1105, it was held that expenses incurred by the executors of a non-intervention will who were the chief beneficiaries thereof, in defending a suit brought by other parties claiming a part of the estate, were not chargeable against the estate. It was there said:

"Referring now to the first assignment of error in the disallowance of the expenses incurred in the *Pilcher* suit, we sustain the ruling below. The questions involved in that action were purely ones of heirship, the defendants being called upon to account and to partition to and with the plaintiffs their distributive share of the property, real and personal, alleged to have been owned by the mother. Any expense incurred by appellants in that action was in their own interest as heirs, and not as executors of the father's estate. Such expenses were not properly chargeable against the estate, and were properly disallowed." [Citing authorities.]

Likewise, it may be said that any expense incurred by Mrs. Jones in resisting the claim of Brown was in her own interest as beneficiary under the will, and such expenses were not incurred as executrix. In resisting the claim of Brown, she was not representing the estate, but was acting in her own interest. The court properly disallowed the items complained of.

The judgment will be affirmed.

MITCHELL, C. J., BEALS, FULLERTON, and HOLCOMB, JJ., concur.