G. F. EKDAHL, ADMINISTRATOR (ESTATE OF WILHELMINA J. WESSMAN) *v.* JOHN A. WESSMAN ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 5—decided July 25, 1940.

*Lewis J. Somers,* for the appellant (plaintiff).

*George A. Clark,* for the appellees (defendants).

ELLS, J. Bertha Ekdahl, a daughter of the intestate, presented to G. F. Ekdahl, the administrator, a claim for $1500, "for personal services rendered in the care of her mother, and her mother's and father's home." He allowed it, but did not pay it, and claimed credit for it in his final administration account. At a duly held hearing on that account two other children of the intestate objected to the allowance of the claim. The Court of Probate rejected it, but approved and allowed the account in full with the exception of this item. The administrator—not the claimant—appealed to the Superior Court, which court, upon motion, erased the appeal on the ground that the administrator was not an aggrieved person within the meaning of our appeal statute. From that dismissal he appealed to this court.

The plaintiff does not claim that he has such pecuniary interest in the subject matter as is required by our decisions, but contends that as administrator he is a trustee or an agent for the claimant, and as such is entitled to protect her interests by appealing. In *Hall* v. *Meriden Trust & Safe Deposit Co.,* 103 Conn. 226, 233, 130 Atl. 157, we said: "While not trustees, executors and administrators do occupy a position in many respects analogous, for they have title or possession of the property of the estate solely for the benefit of those having valid charges upon it or entitled to share in its distribution." In *City National Bank* v. *Bridgeport,* 109 Conn. 529, 539, 147 Atl. 181, we went further, and said: "Executors and administrators 'are trustees or agents, acting not for their own benefit, but for the benefit of all who have an interest in the

estate.' . . . They are trustees—for creditors to the extent of the debts, and for the heirs." Therefore the first portion of the plaintiff's contention stated above is correct. It by no means follows that the second part is true. If he is trustee or agent for the claimant, he is to an even greater extent the trustee for the heirs at law. He is not entitled to represent the personal interests of a claimant, at the expense of the estate, to the detriment of the heirs at law. There is no foundation for the contention in our decisions. In an analogous situation we said, in *Woodbury's Appeal*, 70 Conn. 455, 458, 39 Atl. 791, that a trustee in insolvency may appeal from an allowance of a claim by the commissioners, but that it does not follow he can appeal from their action in disallowing a claim. It may be his duty, at the expense of the estate, to oppose the claim, but he is not charged with the duty of establishing the claim, at the expense of the estate, and he is not aggrieved in his representative capacity by its disallowance. "So far as we are aware the practice, in cases of this kind, has always been in accordance with the views herein expressed. The creditor himself has ample power to protect his rights, and we see no good reason why he should call upon the trustee to do this for him at the expense of others" (p. 459). What we said there of the trustees in insolvency we reiterate concerning the administrator in this case.

In *Avery's Appeal*, 117 Conn. 201, 167 Atl. 544, we reviewed our decisions illustrating the extent and limitation of the interest necessary to provide a basis for such an appeal, particularly by one who acts in a representative capacity. An administrator is charged with a duty to protect the estate against unjust claims, in the interest of all concerned, and in "appropriate instances" has such an interest as entitles him to appeal from probate decrees (p. 203). We state a

number of such instances, and a like number of inappropriate ones, and make it clear that it is not his duty to establish a claim which has been duly rejected by a court of competent jurisdiction. We have also held that "a grievance to his feelings of propriety or sense of justice is not such a grievance as gives him a right of appeal." *Norton's Appeal,* 46 Conn. 527, 528.

There is no error.

In this opinion the other judges concurred.