**In re ESTATE of George M. JACOBSON.**

**Appeal of Natalie H. JACOBSON.**

**No. 12217.**

District of Columbia Court of Appeals.

Argued Dec. 13, 1977.

Decided May 26, 1978.

Nelson Deckelbaum, Washington, D. C., for appellant.

Michael J. Looby, Washington, D. C. with whom John F. Wilson, Jr., Washington, D. C., was on the brief, for appellee.

Before NEBEKER, YEAGEY and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

Appellant,[1] the executor of the estate of George M. Jacobson, appeals from an order of the Superior Court, Probate Division,

---

1. Natalie Jacobson, the named appellant, died in December 1976, and has been succeeded as executor by Eugene Horowitz.

directing her to collect the decedent's share of the proceeds of the sale of a real estate venture, and to include those proceeds ($17,-500) in the assets of the estate. We dismiss the appeal because the executor is not aggrieved by the order.

The decedent died in 1974. In 1976 the executor notified creditors of the estate that she intended to pay the $17,500 to Mary Rodins, the decedent's sister-in-law, pursuant to a 1966 assignment by the decedent to her of his interest in the real estate venture. Appellee, United Virginia Bank, a creditor of the estate, petitioned for a show cause order against the executor, which issued on October 28, 1976. Mary Rodins did not intervene. On April 7, 1977, the court entered its final order, ruling that D.C.Code 1973, § 28:9–301 "obviates priority of Mary H. Rodins' claim over claims arising out of later transactions, and relegates her claim to a status equal to other claims which, at the death of the decedent, were not perfected under said Uniform Commercial Code." This appeal by the executor followed.

■ We dismiss the appeal, because the executor is not "a party aggrieved" by the order, as required by D.C.Code 1973, § 11-721(b). The order appealed from denies priority status to a creditor, but in no way is it a decision adverse to the estate or to the executor as its representative.

■ As appellee noted in its brief, the interests of the estate and the executor are not co-extensive with that of the creditor Mary Rodins.[2] Rather than champion particular claims against the estate, an executor is expected to remain neutral as to all creditors, *Barksdale v. Morgan,* 34 App.D.C. 549 (1910); *Ekdahl v. Wessman,* 127 Conn. 141, 14 A.2d 757 (1940); *In re Thompson's Estate,* 156 Wash. 486, 287 P. 21 (1930). Indeed, an executor is a trustee for all creditors to the extent of their claims

against the estate. *In re Balke's Estate,* 68 Ariz. 373, 206 P.2d 732 (1949); *Ekdahl v. Wessman, supra; Larrabee v. Tracy,* 21 Cal.2d 645, 134 P.2d 265 (1943).

■ Dismissal is mandated not only by the language of the statute, but also by precedent. In *Barksdale v. Morgan, supra,* the executor's appeal from an order disallowing a claim against the estate for attorney's fees was dismissed. The fees had been incurred with court authorization by the executor in order to defend against a will contest. Nevertheless, the attorney's claim against the estate was disallowed. The court held that the executor could not appeal because that would place him "in the attitude of prosecuting a claim against the estate which it is his duty to defend." *Id.,* 34 App.D.C. at 552. Similarly, appellant here may not appeal where to do so would place her in a position adverse to the interests of the estate. *Accord, Spriggs v. Stone,* 85 U.S.App.D.C. 95, 174 F.2d 671 (1949); *Ekdahl v. Wessman, supra; Foster v. Newman,* 192 Ark. 1177, 90 S.W.2d 224 (1936); *In re Sims' Estate,* 14 Ariz. 1, 123 P. 31 (1912).

■ Appellant contended at oral argument that the show cause order directed to her as executor gave her standing to appeal. We disagree. The utilization of that method of providing direction to the executor does not make the order adverse to the executor.

Accordingly, the appeal is

*Dismissed.*

---

2. We note also that the interests of the estate are not coextensive with that of the debtor, the Fraley Tract Joint Venture, which sought per-

mission from the executor to pay the proceeds of the sale to Mary Rodins.