# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of<br><br>JOSEPH P. BURROUGHS. | No. 83774-5-I<br>(consolidated with Nos.<br>83858-0-I and 84370-2-I)<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — A 2021 opinion of this court established as a final matter that Samuel Burroughs was the sole heir of the intestate estate of his late father, Joseph Burroughs,[1] holding the decedent had revoked a former will that would have benefited and was advanced by Burroughs's father's ex-wife's sister, Jennifer Gordon. In re Estate of Burroughs, No. 79737-9-I, slip op. at 2-3, 22 (Wash. Ct. App. Feb. 1, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/ 797379.pdf. Although RCW 11.96A.150 generally makes an award of prevailing party fees discretionary in matters brought under Title 11 RCW, we refused to award fees, stating, "*Given the unnecessarily complicated litigation created by the multiple lawsuits and challenges by both parties*, we decline to award fees in this case." Estate of Burroughs, No. 79737-9-I, slip op. at 23 (emphasis added). The parties spent the next 18 months litigating responsibility for past and ongoing attorney fees. In this appeal, the parties present 67 assignments of error challenging 10 superior court orders disposing of their fee claims, and seek fees

_____

[1] Hereafter "Burroughs" will refer to Samuel Burroughs.

on appeal.[2]  We affirm all rulings, we decline to award fees, and we remand with

instructions to the superior court to close the probate.

I

We noted the following facts in our previous opinion:

> Joseph Burroughs executed a "Last Will and Testament" (Will) on April 6, 2011.  He left $50,000 to his only child, Samuel Burroughs, and the residual of the estate to his wife, Cynthia Marie Burroughs. Joseph appointed Cynthia as the P[ersonal] R[representative] of his estate and Cynthia's sister, Jennifer Gordon, as an alternate P[ersonal] R[epresentative].  The Will provided that if Cynthia predeceased Joseph, equal shares of "all property that would otherwise go to her" went to Samuel and Cynthia's four siblings, Gordon, David Bowers, Stan Bowers, and Curt Bowers.
>
> Joseph and Cynthia divorced in January 2015.  Despite the dissolution, Cynthia kept the original 2011 Will.
>
> On May 17, 2018, Joseph met with attorney Nancy Ivarinen to prepare a new Will.  Joseph told Ivarinen that he wanted to revoke his 2011 Will and leave his entire estate to Samuel.  He also appointed Samuel as the P[ersonal] R[epresentative] of his estate. Ivarinen prepared a new Will and mailed a copy to Joseph.  On June 12, 2018, Joseph called Ivarinen's office and approved the draft of the new Will.  He scheduled an appointment for June 15, 2018 to execute the new Will.  Joseph died on June 15, 2018, before he could sign the new Will.
>
> After Joseph died, Samuel found a signed draft of the 2018 Will while cleaning his father's house.  Samuel also found a document, signed by Joseph on April 6, 2015, designating Samuel as the primary beneficiary for Joseph's AssetMark Trust Company I[ndividual] R[etirement] A[ccount] [(IRA)].
>
> On July 20, 2018, Ivarinen filed a "Petition for Letters of Administration," informing the court that Joseph's estate should pass intestate because Joseph revoked his 2011 Will on May 17, 2018. . . .

---

[2] Insofar as the parties' assignments of error are not specifically discussed it is because we have concluded they lack merit.  We observe specifically that Burroughs fails to support with any argument his assignments of error 29, 34-35, 53-56, and 58.  We will not consider a claim of error that a party fails to support with legal argument in that party's opening brief. Jackson v. Quality Loan Serv. Corp., 186 Wn. App. 838, 845, 347 P.3d 487 (2015).

> On September 18, 2018, Gordon filed a "Petition for Probate of Testate Estate," asking the court to admit Joseph's 2011 Will to probate and appoint her as P[ersonal] R[epresentative] of Joseph's estate. Gordon argued that the court should admit the 2011 Will to probate because "no admissible evidence of will revocation is before this court."

Estate of Burroughs, No. 79737-9-I, slip op. at 2-3 (footnotes omitted). Burroughs filed three declarations by Ivarinen all supporting the conclusion his father had revoked the 2011 Will. Id. at 4-5. We upheld the superior court's order granting summary judgment that the Will had been revoked. Id. at 22. We rejected Gordon's arguments that the procedural resolution of Burroughs's initial pleadings barred his challenge as res judicata, that his challenge was time barred, and that Gordon, while serving as personal representative of the estate, could use that position to assert the decedent's attorney-client privilege to block Ivarinen's testimony. Id. at 12, 15, 17. We remanded to appoint a successor personal representative. Id. at 24.

After our mandate, the parties made several new requests for relief in the superior court.

A

On April 29, 2021, Gordon's attorney James Britain filed a claim seeking payment from the estate of charges for his legal services as an administrative expense. In a later filing, Britain alleged his unpaid charges totaled $89,769.90. Gordon filed a petition and supporting declaration for payment from the estate of personal representative fees as an administrative expense.

Following litigation over the summer and fall of these and Burroughs's new claims described below, on December 15, 2021, the new personal representative,

Steve Chance, filed a purported declaration of completion of the estate. On January 14, 2022, Gordon and Britain filed a Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW, petition against Chance. Gordon and Britain objected to Chance's declaration of completion, claimed Chance breached his fiduciary duty in at least five ways, asked the court to revoke Chance's letters of administration pursuant to RCW 11.28.250, and asked the court to revoke Chance's nonintervention powers if his letters of administration were not revoked.

B

Among other filings, on July 1, 2021, Burroughs filed a motion for an award of prevailing party attorney fees against Gordon based on having invalidated the 2011 Will. The superior court denied this motion by order entered December 6, 2021, in which the superior court also awarded Gordon attorney fees as prevailing party on the motion.

Burroughs also filed a motion seeking to require that Britain disgorge to the estate legal fees he had already received. At the first hearing in which Britain's charges were discussed, on August 13, 2021, the superior court observed the case was distinguishable from cases in which a personal representative defended a will, because this case had been filed as an intestacy, which "put[] Jennifer Gordon in a position of someone contesting" the estate distribution, because she had challenged the intestacy by filing the revoked Will. The court ruled Britain's reasonable fees for administering the estate were $25,000.00 and any additional moneys he had received must be returned. However, at a hearing on October 8, 2021, the court reconsidered requiring Britain to refund the excess charges,

instead of Gordon.  On October 15, 2021, Burroughs filed a motion for summary judgment alleging Gordon breached her fiduciary duty owed to the estate.  At a hearing on December 6, 2021, the court reconsidered its ruling allowing *any* refund based on the papers filed to that point, ruling RCW 11.68.110 was the proper remedy for challenging the reasonableness of the estate's legal expenses.  The court denied the motion for disgorgement and awarded fees, denied Burroughs's summary judgment motion arguing Gordon breached her fiduciary duty and awarded fees, and ordered "[a] petition pursuant to RCW 11.68.110 to review the reasonableness of attorney fees administratively claimed is not precluded by this order."  On December 15, 2021, Burroughs filed under the original cause numbers a petition to recover under chapter 11.68 RCW estate assets distributed to Britain.

C

The superior court sought to enter final rulings through a January 20, 2022 memorandum decision addressing the apparently outstanding issues.  In the memorandum decision, the superior court refused to reconsider its denial of Burroughs's summary judgment motion directed at Gordon's fiduciary duties, reasoning among other things Burroughs had not presented a procedurally proper petition under TEDRA.  The court denied Burroughs's request for attorney fees against Gordon for invalidating the Will.  The court denied Britain's request for payment of his charges for legal services as an administrative expense claim, reasoning, "equity requires that Mr. Britain receive no additional attorney fees from the estate."  The court entered prevailing party fee awards in favor of Britain and Gordon and against Burroughs for the disgorgement motion, summary judgment

5

motion, and related motions for reconsideration. Finally, the court approved both Gordon's and Chance's claims for fees for serving as personal representative. On February 11, 2022, the court entered consistent findings of fact and conclusions of law. At a hearing that day, the court dismissed Burroughs's December 15, 2021 petition and awarded prevailing party attorney fees to Gordon. On February 25, 2022, the court fixed the amount of this fee award. On March 9, 2022, Burroughs appealed.

Meanwhile, on March 11, 2022, the court held a hearing on Britain's and Gordon's January 2022 TEDRA petition against Chance, entering two more orders. First, the court again denied Britain's request for payment of his charges for legal services as an administrative expense claim. Second, the court ruled Chance's declaration of completion was not recognized as the basis for making a final estate distribution or closing the probate. The court denied Gordon and Britain's motion to remove Chance as the personal representative, or have his nonintervention powers revoked, and the court denied the parties' motions for attorney fees. For purposes of appeal, the court ordered the January 2022 TEDRA action (22-4-00032-37) consolidated into the original intestacy (18-4-00367-37). Britain appealed both of these March 11, 2022 orders.

The parties continued to file motions and responses, but on July 15, 2022, the court entered an order striking all of them, finding it lacked authority to enter any orders under RAP 7.2. The court purported to reserve on Chance's, Burroughs's, and Britain's attorney fee requests pending appeal. The court

6

entered a separate order dismissing Gordon and Britain's 2022 TEDRA petition with prejudice. Britain appealed both of these July 15, 2022 orders.

II

A

Britain argues the superior court erred by denying his 2022 TEDRA claim to have the estate pay his outstanding charges for legal services as an administrative expense. We disagree.

In re Thompson's Estate upheld a judgment rejecting an estate executrix's claims for certain expenses. 156 Wash. 486, 488, 287 P. 21 (1930). The decedent bequeathed most of her estate to the executrix, but a separate party successfully asserted a right to all of the estate's property through a contract. Id. at 486. In conducting litigation, the executrix spent money on witness fees, preparing a statement of facts and transcript, and printing a brief, but these items were disallowed. Id. at 486-87. The court found the executrix acted in her own interests, not the estate's, by resisting the separate party's claim to the estate's assets. Id. at 488. The executrix's expenses were incurred not in aid of her duties as an executrix, but in service of her own interest as a beneficiary under the will. Id.

In re Klein's Estate upheld an estate executor's fee, attorney fees, and costs award in unsuccessfully defending a will contest. 28 Wn.2d 456, 474-76, 183 P.2d 518 (1947). The court explained that the allowance of such expenses is a fact-specific inquiry. Id. at 474. "Where a will is contested, whether before or after its probate, it is the duty of the executor to take all legitimate steps to uphold the testamentary instrument, and if he does so in good faith, he is entitled to an

7

allowance out of the estate for his costs and reasonable attorney fees necessarily incurred by him." Id. at 475. This is so "regardless of whether or not he is successful in his defense against the contest of the will." Id.

Consistent with the superior court's repeated observation, Britain's legal work on behalf of Gordon was not simply to defend the Will but to interpose the Will against Burroughs's status as intestate heir despite clear and convincing evidence the Will had been revoked. Britain admits Thompson stands for the proposition that "certain litigation expenses incurred in defending against [a] creditor's claim [may be] disallowed because [the personal representative] also was the beneficiary of substantially all of the estate's assets." Gordon and her family were the substantial beneficiaries of the testate estate she sought to establish through Britain's legal services. Under Thompson, the superior court acted within its discretion in denying as inequitable Britain's postappeal claim for an additional $89,769.90 from the estate. Britain conceded at oral argument that this conclusion leaves him without standing to assert his remaining assignments of error concerning the characterization of assets as probate or non-probate assets and Chance's administration of the estate.[3] We affirm the superior court's denial of Britain's expense claim, its dismissal of Britain's objections to Chance's

---

[3] Wash. Court of Appeals oral argument, In the Matter of the Estate of Joseph P. Burroughs, No. 83774-5-I (Jun. 15, 2023), at 17 min., 11 sec. to 17 min., 39 sec. and 22 min., 20 sec. to 22 min., 56 sec., https://tvw.org/video/division-1-court-of-appeals-2023061202/.

declaration of completion, and its dismissal with prejudice of Britain's and Gordon's January 2022 TEDRA petition.[4]

B

The trial court properly denied Burroughs's request for prevailing party fees against Gordon, his effort to require disgorgement by Britain, and his effort otherwise to obtain refund of the estate's payments to Britain for legal services.

1

Burroughs argues the court erred by denying his request for prevailing party attorney fees from Gordon for succeeding in invalidating the Will as established in our previous decision. We apply a two-part review to awards or denials of attorney fees: (1) we review de novo whether there is a legal basis for awarding attorney fees by statute, under contract, or in equity and (2) we review a discretionary decision to award or deny attorney fees and the reasonableness of any attorney fee award for an abuse of discretion. Gander v. Yeager, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). RCW 11.96A.150(1) authorizes a superior court to order reasonable attorney fees and costs to any party to the proceedings from the assets of the estate. No party argues the superior court improperly relied on RCW 11.96A.150 as the basis for its attorney fee awards. We conclude the superior court appropriately denied Burroughs's claim for prevailing party fees in the circumstances of this case.

---

[4] Gordon asserts no separate assignments of error on appeal and accordingly is entitled to and is granted no appellate relief from any of the superior court's rulings.

Burroughs argues he put Gordon and Britain on notice that he was seeking attorney fees, pointing to this court's previous decision. At oral argument, Burroughs conceded he did not ask for fees for his summary judgment motion when he prevailed in the superior court before the first appeal.[5] Burroughs does not challenge the superior court's finding that he filed his motion for an award of fees against Gordon 19 months after the order on his motion for summary judgment was entered, four months after we issued our mandate, and 10 weeks after the successor personal representative order was entered.[6] Unchallenged findings of fact are accepted as true on appeal. In re Estate of Jones, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). Washington courts may treat contentions as waived when a party litigates for an extended period of time without presenting the claim. See Lybbert v. Grant County, 141 Wn.2d 29, 38-39, 1 P.3d 1124 (2000). When this court previously denied attorney fees on appeal because of excessive litigiousness, it relied on excessive litigiousness that had occurred in the superior court. A combination of factors supports the superior court's denial of Burroughs's requested prevailing party fees, including Burroughs's failure to timely seek fees, this court's conclusion that the parties' litigation tactics did not justify fee shifting, and the discretionary nature of prevailing party fees under RCW 11.96A.150.

---

[5] Wash. Court of Appeals oral argument, No. 83774-5-I, at 4 min., 13 sec. to 4 min., 22 sec.

[6] Under RAP 7.2(i), discussed in section IV below, Burroughs could have timely sought prevailing party fees after the original summary judgment order, allowing the issue of fees for prevailing in that proceeding to be determined as part of this court's review of the original summary judgment order.

2

Burroughs challenges the denial of his motions seeking to require Britain to disgorge back to the estate legal fees he had previously received. We agree with Britain that Burroughs lacked standing to assert this claim. Standing is a threshold issue, which we review de novo. In re Estate of Becker, 177 Wn.2d 242, 246, 298 P.3d 720 (2013). Under RCW 11.48.010, only a personal representative has the authority to maintain and prosecute actions on behalf of an estate. In re Estate of Boatman, 17 Wn. App. 2d 418, 423, 488 P.3d 845, review denied sub nom. Estate of Boatman v. Boatman, 198 Wn.2d 1020, 497 P.3d 378 (2021). Under Boatman, Burroughs lacked standing as an heir to assert a claim for disgorgement belonging to the estate.

3

The superior court ruled it lacked authority to determine whether Gordon breached her fiduciary duty without a proper petition under RCW 11.68.070. The court concluded Burroughs never filed a proper petition under that statute. Burroughs argues this was error.

A party may petition a court under chapter 11.96A RCW for a determination that a personal representative has breached a fiduciary duty. RCW 11.68.070(1)(a)(i). Unless provided otherwise by court order or court rule, a judicial proceeding under RCW 11.96A.090 is commenced by filing a petition with a court. RCW 11.96A.100(1). A judicial proceeding under the TEDRA statute must be commenced as a new action. RCW 11.96A.090(2). Once commenced, a party may move to consolidate the action with an existing proceeding if good cause is

shown. RCW 11.96A.090(3). Interpretation of these statutory provisions is a question of law reviewed de novo. Lakeside Indus., Inc. v. Dep't of Revenue, 1 Wn.3d 150, 155, 524 P.3d 639 (2023).

We agree with the superior court that Burroughs did not filed a procedurally proper petition. On December 15, 2021, Burroughs filed a petition pursuant to chapter 11.68 RCW and chapter 11.96A RCW, alleging Gordon breached her fiduciary duty to Burroughs. However, this petition was filed under the original 2018 cause numbers, not a new one. Burroughs failed to comply with TEDRA's requirement that a petition be initiated as a new action. Accordingly, the superior court properly declined to decide whether Gordon breached her fiduciary duty.[7]

III

Burroughs challenges the superior court's prevailing party awards to his opponents on his motion for disgorgement, summary judgment motion regarding Gordon's fiduciary duties, his motions for reconsideration in regard to those motions, and his December 2021 petition. The superior court entered all of the awards at issue pursuant to RCW 11.96A.150.[8] We review a superior court's decision to award attorney fees under TEDRA for an abuse of discretion. In re

---

[7] In light of this conclusion, it is not necessary for us to reach Burroughs's other assignments of error challenging the dismissal of his fiduciary claim, including whether the claim was timely.

[8] Although the superior court at times referred to CR 11, our review of the record indicates that the superior court intended to base the attorney fees awards at issue on RCW 11.96A.150 independently. We do not agree with certain of Burroughs's assignments of error suggesting the superior court relied on CR 11. We further conclude that the fee awards may be affirmed on the basis of RCW 11.96A.150, and we do so explicitly. Cf. LaMon v. Butler, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989) (appellate court may affirm on grounds supported by the record).

Estate of Mower, 193 Wn. App. 706, 727, 374 P.3d 180 (2016). A trial court abuses its discretion if its decision rests on unreasonable or untenable grounds. In re Estate of Evans, 181 Wn. App. 436, 451, 326 P.3d 755 (2014).

During the December 6, 2021 hearing, the superior court noted "the proper way to challenge the reasonableness of the fees paid or to be paid in a non-intervention probate is to file a petition under TEDRA and to ask the court to review the reasonableness of those fees under [RCW] 11.68.110." Under that statute, at the completion of the estate, the personal representative must file a declaration stating, among other things, "The amount of fees paid or to be paid to . . . lawyer or lawyers." RCW 11.68.110(1)(g)(ii). Within 30 days after the filing of a declaration of completion, any party "may petition the court under chapter 11.96A RCW . . . to review the reasonableness of the fees." RCW 11.68.110(3). Burroughs filed motions addressed to Britain's charges for legal services to the estate, resulting in expenditure of time and expense by the court and the parties, but never followed the statutory procedure. Under RCW 11.96A.150(1), the trial court was entitled to award fees to the extent "equitable," and to consider, among other factors, whether the litigation benefited the estate involved. The superior court ruled against Burroughs on the motions, Gordon and Britain were prevailing parties, and Burroughs's failure to follow the statutory procedure for challenging the estate's legal fees provided a tenable basis for awarding fees. We deny Burroughs's challenges to the superior court's attorney fee award rulings.[9]

---

[9] Because we affirm the superior court's rulings awarding Gordon and Britain attorney fees against Burroughs, we likewise reject Burroughs's assertions

IV

All parties seek fees on appeal under RCW 11.96A.150 and/or RAP 18.1(a). We previously denied the parties attorney fees on appeal given "the unnecessarily complicated litigation created by the multiple lawsuits and challenges by both parties." Estate of Burroughs, No. 79737-9-I, slip op. at 23. We do so again. All parties' requests for attorney fees are denied, and the parties shall bear their own costs.

In its order striking motions, the superior court purported to reserve on Chance's, Burroughs's, and Britain's fee requests. Under RAP 7.2(i), after review is accepted by the appellate court, a trial court "has authority to act on claims for attorney fees, costs and litigation expenses." The rule continues, "A party may obtain review of a trial court decision on attorney fees, costs and litigation expenses in the same review proceeding as that challenging the judgment without filing a separate notice of appeal." Id. We do not address whether, in permitting a trial court to act on a claim for attorney fees, costs, and litigation expenses, the rule also permits a trial court to reserve that issue for determination after the completion of review. The balance of the rule suggests it is designed to permit such determinations to be addressed by the appellate court in conjunction with the underlying issues. As this case demonstrates, deferring determination until after review implicates the appellate policy against piecemeal review. See Minehart v.

---

that the superior court erred in not awarding him attorney fees against them on substantially the same issues.

14

<u>Morning Star Boys Ranch, Inc.</u>, 156 Wn. App. 457, 462, 232 P.3d 591 (2010) (piecemeal review of pretrial interlocutory orders disfavored).

In the interest of judicial economy, we reach the issue of the attorney fees allowable for the trial court proceedings based on our disposition.  In <u>Corinthian Corp. v. White & Bollard, Inc.</u>, 74 Wn.2d 50, 64, 442 P.2d 950 (1968), the appellate court determined the appropriate allowance for reasonable attorney fees incurred in the trial court in light of its disposition on review.  We do so in this case also, and direct that no party is entitled to a further award of attorney fees or costs for trial court or appellate court litigation which has transpired to date.  The superior court's reservation of the parties' fee requests is stricken.

We otherwise affirm.  Because we conclude Britain and Gordon have no remaining interests in the estate other than to the extent they were awarded prevailing party fees in the superior court's existing orders which we affirm, we remand with instructions to enter a final order closing the probate.

_____
Birk, J.

WE CONCUR:

_____          _____
Chung, J.                                             Dwyer, J.

15