LOVE, Adm'r, v. WILSON.

No. 27934. Jan. 25, 1938.

M. A. Cox and Lee B. Thompson, for plaintiff in error.

Joe Young, Thos. G. Andrews, Clyde L. Andrews, and James D. Fellers, for defendant in error.

PER CURIAM. This is an appeal from an order and judgment of the district court of Lincoln county which dismissed an appeal from a decree of the county court of said county entered by said court in the exercise of its probate jurisdiction.

The essential facts, as shown by the record, will be briefly stated: Eli D. Harris, a resident of Lincoln county, departed this life intestate. Upon a petition duly filed in the county court and wherein it was alleged that certain brothers and sisters and the descendants of certain deceased brothers and sisters of Eli D. Harris, deceased, were the sole heirs at law of the said decedent, M. L. Harris, one of the brothers of the said Eli D. Harris, deceased, was appointed administrator of his estate and duly qualified as such. Thereafter Leanna Elizabeth Wilson Harris, otherwise known as Elizabeth Wilson Harris and Elizabeth Wilson, filed in said court her petition wherein she alleged that she was the widow of Eli D. Harris, deceased, by virtue of having been his common-law wife, and sought to be recognized as such and to be decreed an heir at law to his estate. Subsequently Carmen Freeman, named in the petition for letters as one of the heirs to the estate, filed in said court his petition wherein he sought to have determined the heirs at law of Eli D. Harris, deceased, and therein he expressly denied the claim of Elizabeth Wilson or Leanna Elizabeth Wilson Harris. The county court upon the stipulation of parties consolidated the aforesaid petitions for the purpose of trial. M. L. Harris was a party to the heirship proceeding in his individual capacity, but not in his representative capacity. The county court, after hearing the evidence offered by the respective parties and the arguments of their counsel, entered a decree wherein the heirs at law of Eli D. Harris, deceased, were determined. In this decree the court found that Leanna Elizabeth Wilson Harris was one and the same person as Elizabeth Wilson Harris, and was the surviving spouse of Eli D. Harris, deceased, and therefore one of his heirs at law and as such entitled to a distributive share of his estate. M. L. Harris, as administrator of the estate of Eli D. Harris, deceased, although not a party in his representative capacity to the heirship proceeding, gave notice of appeal to the district court. When the cause came on for hearing in the district court a motion to dismiss the appeal for want of authority of the administrator to maintain the same was sustained. When a motion for new trial was overruled the cause was appealed here. Thereafter M. L. Harris was succeeded by E. C. Love as administrator of the estate of Eli D. Harris, deceased, and substituted as plaintiff in error in this court.

Six specifications of error are assigned and these are discussed and presented under two propositions which resolve themselves into a single decisive question, that is, Whether an administrator may, in his representative capacity, maintain an appeal from a decree of the county court which determines the heirs at law of the estate which he represents?

Under section 1391, O. S. 1931, the county courts of this state are granted original jurisdiction to determine heirs of the estates which they have jurisdiction to settle

and their findings are made conclusive evidence of the facts, subject to appeal in the same time and manner as provided by law in other probate matters. It will be noted that this statute provides an additional appealable order to those enumerated in section 1397, O. S. 1931, but places the same limitations upon the time and manner of prosecuting an appeal therefrom as is applicable to the orders and decrees previously enumerated. The statute provides who may maintain an appeal from such orders and decrees. By section 1398, O. S. 1931, it is provided:

"Any party aggrieved may appeal as aforesaid, except where the decree or order of which he complains, was rendered or made upon his default."

By section 1399, O. S. 1931, it is provided:

"A person interested in the estate or funds affected by the decree or order, who was not a party to the special proceeding in which it was made, but who was entitled by law to be heard therein, upon his application, or who has acquired, since the decree or order was made, a right or interest which would have entitled him to be heard, if it had been previously acquired, may also appeal as prescribed in this article."

It follows from what has been said in the above-quoted sections of the statute that, in order to maintain an appeal from the decree which determined the heirs at law of Eli D. Harris, deceased, the administrator had to be either a party aggrieved or a person interested in the estate or funds affected by the decree.

In defining a party aggrieved this court in the case of In re Cartwright, 65 Okla. 176, 164 P. 1148, quoted from Swackhamer v. Kline's Adm'r, 25 N. J. Eq. 503, as follows:

"A party aggrieved is one whose pecuniary interest is directly affected by the decree; one whose right of property may be established or divested by the decree."

Since an administrator, as such, can acquire no interest in the estate which he represents, but holds the same merely for the purposes of administration and for transmission to the heirs at law entitled thereto, his pecuniary interest cannot be affected by a decree which merely finds who are the heirs at law and entitled to the estate, and therefore in such a proceeding the administrator cannot be an aggrieved party within the provisions of section 1398, supra. It remains to be seen whether or not he was an interested person within the meaning of section 1399, supra. In Barnes

v. Logsdon, 176 Okla. 645, 63 P. (2d) 964, this court said:

"Whether the administrator is a 'person interested' within the meaning of our probate statutes governing appeals depends of course upon the facts of the particular case. Naturally, he would not be interested in the question of what particular shares are distributed to the various heirs, while he would be interested in any litigation the effect of which would possibly be to totally deprive all of the heirs at law of any interest whatsoever in the estate."

In the above case it was held that an administrator could appeal from a decree which admitted a will to probate where it would deprive the heirs at law of all interest in the estate and vest the property in strangers and remove the administrator from his trust; an entirely different situation from that which prevails here. In the case at bar the sole question involved in the county court was whether Leanna Elizabeth Wilson Harris was one of the heirs at law of Eli D. Harris, deceased, and as such entitled to a distributive share of his estate. The heirs at law, by their failure to appeal from the decree which found that she was such an heir apparently were satisfied therewith. Under these circumstances, the finding of the court was a matter of no concern to the administrator, in his representative capacity, since the decree in no manner interfered with the administration of his trust. As administrator presumably he would have no reason for favoring one heir over another or in saying how and in what manner or in what proportions the estate should be distributed to the various heirs entitled thereto. The administrator very properly was not a party, in his representative capacity, to the heirship proceeding. He did not appeal therefrom in his individual capacity. As said in 18 C. J. page 871, section 123:

"In an action or proceeding to establish heirship, all persons entitled to a share in the estate should be made parties; and in such action or proceeding, each party is an independent actor and is a plaintiff as against all others whose claims are adverse, without regard to whether he is styled as plaintiff or defendant in the pleadings, but the administrator is not an adverse party to any of the claimants."

Since from what has been said it is apparent that the administrator of the estate of Eli D. Harris, deceased, was neither an "aggrieved" nor "interested party" in the heirship proceeding in the county court of Lincoln county, the appeal which he attempted to prosecute to the district court

was unauthorized by statute, and therefore properly dismissed on timely motion. No error is presented.

Judgment affirmed.

BAYLESS, V. C. J., and WELCH, CORN, GIBSON, and HURST, JJ., concur.