177 So.2d 256 (1965)
In re ESTATE of Richard A. LYNAGH, Deceased.
Eunave Burchell Collins LYNAGH, Individually, and as next friend and parent of Sandra Marie Lynagh, a minor, Appellants,
v.
MARINE BANK & TRUST COMPANY, as Administrator of Estate of Richard A. Lynagh, Deceased, et al., Appellees.
Nos. 4950, 5233, 5126.
District Court of Appeal of Florida. Second District.
June 30, 1965.
Rehearing Denied August 4, 1965.
*257 James A. Franklin, Jr., and Duane A. Reynolds, of Henderson, Franklin, Starnes & Holt, Fort Myers, and Michael H. Otis, Tampa, for appellants and Paul W. Danahy, Jr., Tampa, Guardian ad litem for Sandra Marie Lynagh.
Laurens G. Jones and Margaret E. Deaton, Tampa, for appellee Marine Bank and Mary L. Ewbank.
Maynard Ramsey, Tampa, for appellees Sue A. Grim, John J. Lynagh, Jr., Robert Lee Boykin, John T. Boykin and Aubry Brown Boykin.
ANDREWS, Judge.
This is a consolidated appeal from orders entered in a proceeding determining the heirs of Richard Lynagh, deceased, who died September 3, 1962.
The questions before this court on appeal are (1) whether venue of the proceedings was properly found to be in Hillsborough rather than Lee County; (2) whether the testimony of two witnesses was properly excluded under the provisions of § 90.05, Fla. Stat., F.S.A., by virtue of their interest in the outcome of the cause; (3) whether there is sufficient competent evidence to support the trial judge's finding that the decedent and the petitioner did not enter into, or consummate, a common-law marriage; (4) the authority and propriety of the administrator to actively participate in the proceedings and to advocate the rights of respondents against the claims of the petitioner; and (5) whether costs incurred by said administrator thereby were properly charged against the petitioner.
Richard A. Lynagh, the deceased, was a wholesale jewelry salesman calling upon customers in South Florida. He owned and maintained a residence and claimed homestead exemption on a home in Tampa, together with his mother. He maintained a post office box, bank account and paid occupational license fees in Tampa; filed his income tax return for the fiscal year ending March 31, 1962 showing a Tampa address; and identified himself as a single man on July 14, 1962. Lynagh also owned a house or ranch in Lee County, and had a close relationship with the petitioner, Eunave Burchell Collins, the result of which an effort is made to establish a common-law marriage. Legal title to the house in Lee County was vested in the deceased and his mother.
An examination of the record discloses that there is substantial competent evidence to support the trial court's finding that the deceased was a resident of Hillsborough County at the time of his demise. We, therefore, hold that the court properly determined that the venue of the estate of the deceased was in Hillsborough County.
The petitioner, apparently in an effort to establish the common-law marriage, called as witnesses, J.V. Moore and his wife, Leona Moore. The court declined to hear their testimony on the grounds that they were interested in the outcome of the litigation. It appears that prior to the decedent's death, Mr. and Mrs. Moore conveyed to the deceased the ranch property located in Lee County. Thereafter, an additional ten-foot strip of property was conveyed to the deceased; however, the deed contained an erroneous description of the property that was to have been conveyed. This error was not corrected *258 by the parties prior to the decedent's death, and it is, therefore, apparent that the Moores and the persons determined to be the heirs will have conflicting land claims against each other. The appellee maintains that as a result of the "conflicting claims, Mr. Moore [and his wife] have a distinct interest in the proceedings itself in addition to the outcome." We do not agree. To be disqualified from testifying by reason of interest in the event of the action or proceeding, under § 90.05, Fla. Stat., F.S.A., the witness must be so interested in the result of the suit that he will gain or lose, directly or immediately thereby, or the testimony to be given must be such that the record in the suit may be used as legal evidence for or against the witness in some action to prove or disprove matters to which he testified. Broward National Bank of Ft. Lauderdale v. Bear, Fla.App. 1961, 125 So.2d 760, 84 A.L.R.2d 1352; Farrington v. Richardson, 1944, 153 Fla. 907, 16 So.2d 158, and the cases cited therein. In this connection, the interest must be a present and vested interest and not one uncertain, remote or contingent. Parker v. Priestley, Fla. 1949, 39 So.2d 210; Broward National Bank of Ft. Lauderdale v. Bear, supra. Furthermore, the burden of proving disqualification by interest is upon the party objecting to the witness. Madison v. Robinson, 1928, 95 Fla. 321, 116 So. 31.
We cannot perceive, nor has it been made to appear just how Mr. and Mrs. Moore would be able to "gain or lose" directly by the outcome of the heirship proceeding. Such a proceeding merely determines who are the distributees, legatees, or beneficiaries of a decedent and who is, therefore, entitled to the assets of the estate. In the instant case the determination will in no way establish the rights of Mr. and Mrs. Moore to any of the property in dispute, but will only decide who the witnesses will have to deal with in order to settle the matter. There was nothing in the evidence to indicate that the witnesses and the petitioner had entered into an agreement regarding the disposition of the boundary dispute in the event that she prevailed in the cause. We think that under the circumstances and facts here presented, it cannot be said that the witnesses are "interested" in the outcome so as to render them incompetent to testify under § 90.05, Fla. Stat., F.S.A. The most that can be said is that their interest is indirect or of a "doubtful nature", and where this is the case "the objection goes to the credit of the witness, and not to his competency." Madison v. Robinson, supra, at page 35. For the above reasons, we hold that the appellees have failed to show that the witnesses were "interested in the outcome," and that the court erred in excluding their testimony.
The appellee also contends that any testimony offered by these witnesses in this case "could, and in all probability would, be used in another legal proceeding for his benefit." This argument is without merit, for in order to use evidence in a subsequent trial it must first be shown that "the issue is substantially the same in both cases." § 92.22, Fla. Stat., F.S.A. In the instant case, the issue is the existence or non-existence of a common-law marriage and not the title to the property in question. No proffer was made as to what was intended to be proved by the witnesses, and we are, therefore, unable to determine whether or not such testimony, if received, would be sufficient to establish a common-law marriage between the parties. Under such circumstances, the error must be deemed prejudicial. A proffer is unnecessary where the witness is held to be incompetent to testify under § 90.05, Fla. Stat., F.S.A. Seeba v. Bowden, Fla. 1956, 86 So.2d 432.
The record as it now stands contains substantial competent evidence to support the findings of the trial court, but we cannot rule upon this question inasmuch as the testimony of the Moores should be received and the court should then make a new determination as to whether or not *259 the parties entered into, and consummated a common-law marriage.
We now direct our consideration to the petitioner's claim that the administrator had no authority to actively participate in the proceedings. Apparently, this precise question has not been decided by an appellate court of this state. Other jurisdictions that have been called upon to consider this question have held that in a proceeding to determine the distributees, legatees and heirs of an estate, the administrator is a mere officer of the court holding the estate as a stakeholder, and that he should assume a neutral and indifferent attitude as between claimants. Love v. Wilson, 1938, 181 Okla. 558, 75 P.2d 876; Voliotes v. Ventoura, 1932, 86 N.H. 52, 162 A. 921; In re Lynn's Estate, 1952, 109 Cal. App.2d 468, 240 P.2d 1001. The administrator has no interest in the determination as to who are the next of kin of the decedent, Smith v. Oliver, 1941, Mo. App., 157 S.W.2d 558, and, therefore it is no part of his duty to participate actively in such a proceeding. In re Friedman's Estate, 1917, 176 Cal. 226, 168 P. 21; Zimmer v. Gudmundsen, 1942, 142 Neb. 260, 5 N.W.2d 707. He cannot represent either side of a contest between heirs, devisees, or legatees contesting for the distribution of an estate. In re Jessup's Estate, 1889, 80 Cal. 625, 22 P. 260; In re Thompson's Estate, 1930, 156 Wash. 486, 287 P. 21. Presumably, he would have no reason for favoring one heir over another, or in saying how and in what manner or in what proportions the estate should be distributed to the various parties entitled thereto. Love v. Wilson, supra. The administrator is properly a party to the proceeding but he is, in effect, a nominal party and this is only so that he may be kept advised of the progress of the proceedings and be informed as to who are the proper heirs of the estate. In re Friedman's Estate, supra. In Zimmer v. Gudmundsen, supra, it was held that in such a proceeding the administrator is not an adverse party, and does not have a duty to defend against one claiming to be the common-law wife of the deceased. This case has been given recognition, although not on the same point, in this state in the case of Wells v. Menn, 1946, 158 Fla. 228, 28 So.2d 881, 169 A.L.R. 892.
For the reason expressed above, we hold that in a proceeding under § 734.25 Fla. Stat., F.S.A., it is neither appropriate or proper for an administrator to take an affirmative position for or against any faction claiming a right to the estate of a deceased where all of the potential heirs of the estate are before the court. It is the responsibility of the various claimants to establish their own rights, if any, in the estate. The administrator under such circumstances is, in effect, a nominal party in order that he may be kept advised of the progress of the proceedings and be bound by the judgment of the court determining the proper heirs of the estate. Inasmuch as the administrator is not an interested party, the allowance of costs to the administrator incurred in this cause was error and, accordingly, the judgment for costs is reversed.
Other questions raised on appeal have been considered, and we find no error in the court's determination thereof.
Therefore, the court should hear and consider the testimony of said witnesses, determine whether or not there is sufficient competent evidence to establish a common-law marriage between the deceased and the petitioner, Eunave Burchell Collins, and enter a judgment in accordance with its finding.
Reversed and remanded for further proceedings in accordance with the views herein expressed.
ALLEN, Acting C.J., and RAWLS, JOHN S., Associate Judge, concur.