NESBITT, Judge.
This is an appeal from a final judgment dismissing Hackmann’s counterclaim for reformation of a deed. We reverse and remand for a new trial.
The facts relevant to this appeal are quite simple. Hackmann had a long-term relationship with decedent, Thomas. She alleges that, prior to his death, he intended to convey to her the home which they had shared and which was the only real property owned by decedent at that time. Toward this end, the decedent executed a quit-claim deed. It was later discovered that the legal description of the property corresponded to land which he had previously owned rather than to the parcel he owned at the time of the conveyance. Hackmann sought reformation of the deed arguing that a mutual mistake had occurred.
Pursuant to this theory, she attempted at trial to call friends and neighbors who could testify as to the parties’ relationship and as to the decedent’s stated intention to provide for Hackmann upon his death. In addition, a nurse who notarized the deed was prepared to testify as to statements made by the decedent indicating his intent to deed the property, to which he held title, to Hackmann. The trial court excluded this evidence because it concluded that the dead man statute, section 90.602, Florida Statutes (1981), barred the testimony. We disagree.
*1080 The dead man statute precludes any person who is interested in the action from testifying as to oral communications between the interested person and the decedent. The appellees argue that the testimony was properly excluded because Hack-mann failed to satisfy her burden of showing that the parties were disinterested. However, the law does not place this burden on the party who seeks to call a witness. Competency to testify is presumed until the contrary is established. See § 90.601, Fla.Stat. (1981); Williams v. McGehee, 2 Fla. 58 (1848). Thus, the burden of proving a witness’ disqualification to testify because of interest is upon the objecting party. Lynagh v. Marine Bank & Trust Co., 177 So.2d 256 (Fla. 2d DCA 1965). Since the appellee failed to satisfy this burden, the trial court erroneously precluded the testimony.
Consequently, we reverse and remand for a new trial.