PER CURIAM.
The Florida Probate Rules Committee has filed an emergency petition, asking this Court to adopt amendments to Florida Probate Rules 5.025, 5.340, 5.360, and 5.365. The emergency is necessitated by the effective dates of the significant statutory changes on which the rule amendments are based — October 1, 2001, and January 1, 2002. See ch. 2001-226, Laws of Fla. We have jurisdiction. See art. V, § 2(a), Fla. Const. The committee and The Florida Bar Board of Governors unanimously approved the proposed amendments.
The Legislature made a number of changes to the elective share statutes, sections 732.201-732.2155, Florida Statutes (2000), and to the inventory statute, section 733.604, Florida Statutes (2000). In deference to the Florida Probate Rules, the Legislature eliminated from the statutes provisions of a procedural nature. See Fla. S. Comm, on Judiciary, CS for SB 402 (2001) Staff Analysis 6 (Mar. 14, 2001). The committee proposals reflect these changes.
In addition to ensuring that the proposed amendments tracked the legislative changes, the committee’s petition addressed two overriding concerns in proposing these amendments:. (1) to prescribe who would have the task of identifying and valuing the elective share, and (2) to prescribe due process protections (notice and opportunity to be heard). The committee determined that the personal representative of the estate would be in the best position to identify and value the elective share because the personal representative must gather information about all assets of the decedent as part of the due diligence determination regarding the need to file an estate tax return. This would avoid the burden on the electing spouse to engage in formal discovery with the personal representative and others to identify and value the elective share.
The committee proposed adding determination of amount of elective share and contribution to rule 5.025, regulating adversary proceedings, to guarantee service of formal notice of process on interested persons. The Rule History and Statutory References have been amended to reflect these due process changes.
The proposed amendment to rule 5.340 reflects the changes to section 733.604, Florida Statutes (2000), by adding a requirement that the inventory contain notice of beneficiaries’ rights; removing the requirement to value in the inventory real property that is protected homestead property; adding a requirement that the inventory be verified by the personal representative; removing the requirement of notice to the Department of Revenue in elective share proceedings; and adding a requirement that interested persons who request information about assets included in the inventory must be furnished an explanation. The committee also proposed a requirement that the personal representative file notice of service under subdivision (d). Committee Notes and Rule References have been updated to reflect the changes.
*623 The committee proposed a complete rewrite of rule 5.360 to conform to statutory changes in sections 732.2125 and 742.2145, as follows:
1. Subdivision (a) establishes a procedure for election by the surviving spouse or the attorney-in-fact or guardian of the property of the surviving spouse, including requirements for service on the personal representative, notice to interested persons, and time requirements.
2. Subdivision (b) sets forth the procedure for election, including petitioning for extension, withdrawal of election, notice requirements, and procedures for objection by interested persons.
3. Subdivision (c) provides alternative procedures for determination of entitlement, depending on whether an objection was served. (The committee intended these procedures to provide the flexibility of being handled summarily or informally if no controversy exists.)
4. Subdivision (d) provides the procedure for determining the amount of the elective share and contribution. Although the personal representative has the duty to file and serve the petition for determination, the rule provides an alternative for petition by the surviving spouse if the personal representative does not file within 90 days from rendition of the order of entitlement. The rule further provides the procedure for objection and for court determination with or without objection.
5. Although the committee expressed concern that section 732.2145, Florida Statutes, is unclear whether the order is to be considered a judgment for purposes of statutory interest because it contains references to both the order and to a judgment for the amount of contribution, the committee proposal includes requirements for the order of contribution. The committee felt that this discrepancy could be left to the courts and general law for clarification.
Committee Notes and References have been updated to reflect the changes.
The language of current rule 5.360(e) is transferred to new rule 5.365 to preserve the procedure for enforcing dower rights without retaining the procedure as part of the completely redrafted procedures for enforcing elective shares. Although dower was abolished by the Legislature in 1974, dower rights existing before abolishment still may exist for certain individuals. Committee Notes and Rule References have been updated to reflect the changes. We have edited the proposed new rule for grammatical accuracy.
We hereby adopt the amendments to rules, as reflected in the appendix. New language is indicated by underlining; deletions are indicated by struck-through type. Committee Notes are included for explanation and guidance only and are not adopted as an official part of the rules. Although the amendments are effective immediately, interested parties have 30 days from the date of this opinion in which to file comments.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
APPENDIX
RULE 5.025. ADVERSARY PROCEEDINGS
(a) Specific Adversary Proceedings. The following shall be adversary proceedings unless otherwise ordered by the court: proceedings to remove a personal representative, surcharge a personal representative, remove a guardian, surcharge *624 a guardian, probate a lost or destroyed will or later-discovered will, determine beneficiaries, construe a will, cancel a devise, partition property for the purposes of distribution, determine pretermitted share, determine amount of elective share and contribution, and for revocation of probate of a will.
(b) Declared Adversary Proceedings. Other proceedings may be declared adversary by service on interested persons of a separate declaration that the proceeding is adversary.
(1) If served by the petitioner, the declaration shall be served with the petition to which it relates.
(2) If served by the respondent, the declaration and a written response to the petition shall be served at the earlier of:
(A) within 20 days after service of the petition, or
(B) prior to the hearing date on the petition.
(3) When the declaration is served by a respondent, the petitioner shall promptly serve formal notice on all other interested persons.
(c) Adversary Status by Order. The court may determine any proceeding to be an adversary proceeding at any time.
(d) Notice and Procedure in Adversary Proceedings.
(1) Petitioner shall serve formal notice.
(2) After service of formal notice, the proceedings, as nearly as practicable, shall be conducted similar to suits of a civil nature and the Florida Rules of Civil Procedure shall govern, including entry of defaults.
(3) The court on its motion or on motion of any interested person may enter orders to avoid undue delay in the main administration.
(4) If a proceeding is already commenced when an order is entered determining the proceeding to be adversary, it shall thereafter be conducted as an adversary proceeding. The order shall require interested persons to serve written defenses, if any, within 20 days from the date of the order. It shall not be necessary to reserve the petition except as ordered by the court.
(5) When the proceedings are adversary, the caption of subsequent pleadings, as an extension of the probate caption, shall include the name of the first petitioner and the name of the first respondent.
Committee Notes
The court on its initiative or on motion of any party may order any proceeding to be adversary or nonadversary or enter any order that will avoid undue delay. The personal representative would be an interested person in all adversary proceedings. A prescribed form for the caption is provided that will facilitate the clerk’s and the court’s ability to segregate such adversary proceeding from other adversary proceedings and from the main probate file:
Court
Case #
In Re Estate of John B. Jones
Julia Jones,
Petitioner,
v.
Harold Jones, as Personal
Representative, et al.,
Respondents.
Rule History
1975 Revision: New rule. 324 So.2d 38.
*625 1977 Revision: Editorial changes to (a)(1).
1984 Revision: Extensive changes, committee notes revised and expanded.
1988 Revision: Changes in (a) add proceedings to remove a guardian and to surcharge a guardian to the list of specific adversary proceedings and delete proceedings to determine and award the elective share from the list. Change in (b)(4) clarifies on whom the petitioner must serve formal notice. Editorial change in (d)(2) and (d)(5). Committee notes revised. Citation form changes in committee notes.
1992 Revision: Deletion of (b)(3) as unnecessary. Former (b)(4) renumbered as new (b)(3). Committee notes revised. Citation form changes in committee notes.
2001 Revision: Change in (a) to add determination of amount of elective share and contribution as specific adversary proceedings. Committee notes revised.
Statutory References
§ 731.107, Fla. Stat. Adversary proceedings.
§§ 732.201-732.2155, Fla. Stat. Elective share of surviving spouse.
§ 732.301, Fla. Stat. Pretermitted spouse.
§ 732.507, Fla. Stat. Effect of subsequent marriage, birth, or dissolution of marriage.
§§ 732.6005-732.611, Fla. Stat. Rules of construction.
§ 733.105, Fla. Stat. Determination of beneficiaries.
§ 733.109, Fla. Stat. Revocation of probate.
§ 733.207, Fla. Stat. Establishment and probate of lost or destroyed will.
§ 733.208, Fla. Stat. Discovery of later will.
§ 733.504, Fla. Stat. Causes of removal of personal representative.
§ 733.505, Fla. Stat. Jurisdiction in removal proceedings.
§ 733.506, Fla. Stat. Proceedings for removal.
§ 733.507, Fla. Stat. Administration following resignation or removal.
§ 733.603, Fla. Stat. Personal representative to proceed without court order.
§ 733.609, Fla. Stat. Improper exercise of power; breach of fiduciary duty.
§ 733.619(2), (4), Fla. Stat. Individual liability of personal representative.
§ 733.814, Fla. Stat. Partition for purpose of distribution.
§ 744.474, Fla. Stat. Reasons for removal of guardian.
§ 744.477, Fla. Stat. Proceedings for removal of a guardian.
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.270 Revocation of probate.
Fla. Prob. R. 5.360 Elective share and pre-existing dower.
Fla. Prob. R. 5.440 Proceedings for removal.
Fla. Prob. R. 5.660 Proceedings for removal of guardian.
Fla. R. Civ. P. 1.140 Defenses.
Fla. R. Civ. P. 1.160 Motions.
Fla. R. Civ. P. 1.200 Pretrial procedure.
Fla. R. Civ. P. 1.280 General provisions governing discovery.
Fla. R. Civ. P. 1.290 Depositions before action or pending appeal.
*626 Fla. R. Civ. P. 1.310 Depositions upon oral examination.
Fla. R. Civ. P. 1.340 Interrogatories to parties.
Fla. R. Civ. P. 1.380 Failure to make discovery; sanctions.
RULE 5.340. INVENTORY
(a) Contents and Filing. Unless an inventory has been previously filed, theThe personal representative shall file an inventory of the estate within 60 days after issuance of letters. The inventory shall contain notice of the beneficiaries’ rights under subdivision (e), list the estate with reasonable detail and include for each listed item (excluding real property appearing to be protected homestead property) its estimated fair market value at the date of the decedent’s death. Real property appearing to be protected homestead property shall be listed and so designated.
(b) Extension. On petition the time for filing the inventory may be extended by the court for cause shown without notice, except that the personal representative shall serve copies of the petition and order on the persons described in subdivision (d).
(c) Amendments. A supplementary or amended inventory containing the information required by subdivision (a) as to each affected item shall be filed and served by the personal representative if:
(1) the personal representative learns of property not included in the original inventory; or
(2) the personal representative learns that the estimated value or description indicated in the original inventory for any item is erroneous or misleading; or
(3) the personal representative determines the estimated fair market value of an item whose value was described as unknown in the original inventory.
(d) Service. The personal representative shall serve a copy of the inventory and all supplemental and amended inventories on the Department of Revenue, the surviving spouse, each heir at law in an intestate estate, each residuary beneficiary in a testate estate, and any other interested person who may request it in writing. The personal representative shall file proof of such service.
(e) Information. On reasonable request in writing the personal representative shall provide an interested person with information about-the-estatea written explanation of how the inventory value for an asset was determined and shall permit an interested person to examine appraisals on which inventory values are based.
CO Elective Share Proceedings. Upon entry of an order determining the surviving spouse’s entitlement to the elective share, the personal representative shall file an inventory of the property entering into the elective estate which shall identify the direct recipient, if any, of that property. The personal representative shall serve the inventory of the elective estate as provided in rule 5.360. Service of an inventory of the elective estate on the Department of Revenue is not required.
(g) Verification. All inventories shall be verified by the personal representative.
Committee Notes
Inventories of the elective estate under subdivision (f) shall be afforded the same confidentiality as probate inventories. § 733.604(1) and (2), Fla. Stat.
Inventories are still required to be filed. Once filed, however, they are subject to the confidentiality provisions found in sections 733.604(1) and (2), Florida Statutes.
Constitutional homestead real property is not necessarily a probatable asset. Disclosure on the inventory of real property appearing to be constitutional homestead *627 property informs interested persons of the homestead issue.
Interested persons are entitled to reasonable information about estate proceedings on proper request, including a copy of the inventory, an opportunity to examine appraisals, and other information pertinent to their interests in the estate. The personal representative must also serve a copy of the inventory-on the Florida-Department of Revenue. § 199.062(4), Fla. StaL
Rule History
1980 Revision: Eliminated the time limit in requesting a copy of the inventory by an interested person or in furnishing it by the personal representative.
1984 (First) Revision: Extensive changes. Committee notes revised.
1984 (Second) Revision: Subdivision (a) modified to clarify or re-insert continued filing requirement for inventory.
1988 Revision: Editorial changes in (b) and (d). Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2001 Revision: Subdivision (a) amended to conform to statutory changes. Subdivision (d) amended to add requirement of filing of proof of service. Subdivision (e) amended to clarify personal representative’s duty to furnish explanation of how inventory values were determined. Subdivision (f) added to require personal representative to file inventory of property entering into elective share. Subdivision (g) added to require verification of inventories. Committee notes revised.
Constitutional Reference
Art. X, § 4, Fla. Const.
Statutory References
§ 199.062(4), Fla. Stat. Annual tax information reports.
§ 732.401, Fla. Stat. Descent of homestead.
§ 732.4015, Fla. Stat. Devise of homestead.
§ 733.604, Fla. Stat. Inventory.
§ 733.605, Fla. Stat. Appraisers.
Rule References
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.360 Elective share.
Fla. Prob. R. 5.405 Proceedings to determine homestead real property.
RULE 5.360. ELECTIVE SHARE
4a) — Optional Procedure,
(4) — Notice of — Election. Upon .the filing of-an election-to-take -elective share, at the-option of the surviving spouse-,- a copy of the election to take elective-share, together with a notiee of election, may be served-on interested-persons in the manner provided for-service of formal notice. The notice of election shall indicate the name and the address of-the attorney for the surviving spouse and of the attorney for — the- personal representative, and shall include- a notice that objections-to-t-he election must be filed- within 20 days-from the-receipt of the copy- of the notice or be thereafter barred-.-
(2) — Objection- to Election. Any interested person may file an objection to the election which shall state with par-ticularity-the-grounds on which the objection is based. — No objection shall be -fi-led later than-20 days after receipt of the copy of the notice of election, unless the-time-is extended.-The — ebjec-ti-ng—party—shall serve-a copy of the- objection on the attor-
*628 ney for the surviving -spouse and- on the attorney for -the personal representative. -I-f an — objection—is served,.-the — personal representative shall promptly serve a notice of election.and copy of the- election and-the objection as provided-in-subdivision (1), on -alb-interested-persons who have not previously been served. — The proceedings shall thereafter be adversary .-
—Deter-minatioiwof- Entitlement. If an objection if filed, the court shall determine-the-surviving spouse’s entitlement to the elective share,
(b) — Procedure-to Deter-mine-EIective Share,
Cl) — Petition by Personal Representative.-If the surviving spouse files an election-for elective share, the personal representative shall-ffile a petition to determine the -amount of the elective share stating the proposed time and manner of distribution in satisfaction of the elective share.
£2) — Petition by Spouse. If the personal representative does not file the petition to determine-the-amount-of the elective share, — the electing-■ spouse may file the petition- specifying- as -particularly as is known-the value of-the elective share.
{§) — Order—Determining—Elective Share--The order-shall state the amount of the elective share-and the time and manner of-distribution.
(e) — Time of Payment. No distribution s-hall-be required until six months-from the date-of death, when no federal estate tax retum-is required to be-filed, or-until the tax return is -timely filed, when -required. The -order-may-ffrovide for partial distribu-tiens,
(d) — Suspension of Payment,-On petition of any-interested person-after-notice, the court may suspend-distribution of the elective share.or any part of it until final-settlement of the federal estate tax liability of the estate.
4e) — Petition for-Dower^-The widow may also file-an extraordina^ petition for assignment of dower- in the-court of each county-or counties where lands lie which her husband had conveyed in which she ■had not- relinquished her right- of-dower prior to-October- 1, 1973. — Formal-notice ■shall be-served on persons adversely — affected. — The proceedings shall be as-similar-as -possible to-those formerly existing for the ordinary assignment-of dower.-
(a) Election. An election to take the elective share may be filed by the surviving spouse, or on behalf of the surviving spouse by an attorney-in-fact or guardian of the property of the surviving spouse.
(1) Election by Surviving Spouse. An electing surviving spouse shall file the election within the time required by law and promptly serve a copy of the election on the personal representative.
(2) Election by Attorney in Fact or Guardian of the Property of Surviving Spouse.
(A) Petition for Approval. Before filing the election, the attorney-in-fact or guardian of the property of the surviving spouse shall petition the court having jurisdiction of the probate proceeding for approval to make the election. The petition for approval shall allege the authority to act on behalf of the surviving spouse and facts supporting the election.
(B) Notice of Petition. Upon receipt of the petition, the personal representative shall promptly serve a copy of the petition by formal notice on all interested persons.
(C) Filing the Election. Upon entry of an order authorizing the filing of an election, the attorney-in-fact or guardian of the property shall file the election within the later of the time provided by law or 30 *629 days from service of the order and promptly serve a copy of the election on the personal representative.
(b)Procedure for Election.
(1) Extension. Within the period provided by law to make the election, the surviving spouse or an attorney-in-fact or guardian of the property of the surviving spouse may petition the court for an extension of time for making an election or for approval to make the election. After notice and hearing the court for good cause shown may extend the time for election. If the court grants the petition for an extension, the election must be filed within the time allowed by the extension.
(2) Withdrawal of Election. The surviving spouse, an attorney-in-fact, a guardian of the property of the surviving spouse, or the personal representative of the surviving spouse’s estate may withdraw the election within the time provided by law.
(3) Notice of Election. Upon receipt of an election the personal representative shall promptly serve a notice of election, together with a copy of the election, on all interested persons in the manner provided for service of formal notice. The notice of election shall indicate the names and addresses of the attorneys for the surviving spouse and the personal representative and shall state that:
(A) persons receiving a notice of election may be required to contribute toward the satisfaction of the elective share;
(B) objections to the election must be served within 20 days after service of the copy of the notice of election; and
(C) if no objection to the election is timely served, an order determining the surviving spouse’s entitlement to the elective share may be granted without further notice.
(4) Objection to Election. Within 20 days after service of the notice of election, an interested person may serve an objection to the election which shall state with particularity the grounds on which the objection is based. The objecting party shall serve copies of the objection on the surviving spouse and the personal representative. If an objection is served, the personal representative shall promptly serve a copy of the objection on all other interested persons who have not previously been served with a copy of the objection.
(c) Determination of Entitlement.
(1) No Objection Served. If no objection to the election is timely served, the court shall enter an order determining the spouse’s entitlement to the elective share.
(2) Objection Served. If an objection to the election is timely served, the court shall determine the surviving spouse’s entitlement to the elective share after notice and hearing.
(d) Procedure to Determine Amount of Elective Share and Contribution.
(1) Petition by Personal Representative. After entry of the order determining the surviving spouse’s entitlement to the elective share, the personal representative shall file and serve a petition to determine the amount of the elective share. The petition shall
(A), give the name and address of each direct recipient known to the personal representative;
(B) describe the proposed distribution of assets to satisfy the elective share, and the time and manner of distribution; and
(C) identify those direct recipients, if any, from whom a specified contribution *630 will be required and state the amount of contribution sought from each.
(2) Service of Inventory. The inventory of the elective estate required by rule 5.340 shall be served together with the petition.
(3) Petition by Spouse. If the personal representative does not file the petition to determine the amount of the elective share within 90 days from rendition of the order of entitlement, the electing spouse or the attorney-in-fact or the guardian of the property or personal representative of the electing spouse may file the petition specifying as particularly as is known the value of the elective share.
(4) Objection to Amount of Elective Share. Within 20 days after service of the petition to determine the amount of the elective share, an interested person may serve an objection, to the amount of or distribution of assets to satisfy the elective share. The objection shall state with particularity the grounds on which the objection is based. The objecting party shall serve copies of the objection on the surviving spouse and the personal representative. If an objection is served, the personal representative shall promptly serve a copy of the objection on all interested persons who have not previously been served.
(5) Determination of Amount of Elective Share and Contribution.
(A) No Objection Served. If no objection is timely served to the petition to determine the amount of the elective share, the court shall enter an order on the petition. '
(B) Objection Served. If an objection is timely served to the petition to determine the amount of the elective share, the court shall determine the amount of the elective share and contribution after notice and hearing.
(6)Order Determining Amount of Elective Share and Contribution. The order shall:
(A) set forth the amount of the elective share;
(B) identify the assets to be distributed to the surviving spouse in satisfaction of the elective share; and
(C) if contribution is necessary, specify the amount of contribution for which each direct recipient is liable.
(e) Relief from Duty to Enforce Contribution. A petition to relieve the personal representative from the duty to enforce contribution shall state the grounds on which it is based and notice shall be served on interested persons.
Committee Notes
The surviving spouse may^optionally serve a notice of election together -with a eop-y-of the election. This procedure bifurcates the issue of entitlement from any issue of determination of amount, timing of payment, or-fandlng procedures. — It is intended to ahow-the surviving spouse and other interested-parties tomake-an early determination-of whether any issue exists as.to entitlement. If the surviving spouse does not follow-ihis elective procedure or serves fewer-than all interested -persons,' any-person not served- may^object to entitlement at any time before entry of the order determining ■■ elective ■ share. — As-to any person-so-served, failure timely to objeet would-waive-any such-objection unless the time-was extended for-good cause shown.
-If-the optional procedure- of subdivision (a)--is utilized, the procedural provisions in subdivision (b) still apply, although the proceeding is adversary-if an objection is Sleek
If-the optional-procedure is not utilized, the matters of-entitlement and-determina *631 tion may, nevertheless, be bifurcated-by the -court.
It is intended that the role of the-p&r-sonal — representative in — this—procedure would be as a neutral- — Since the- personal representative is a fiduciary owing duties to-aH interested persons-,-it is not appropriate-that the personal representative should take- a position for or against the award-of the-elective ■ share-and expend estate funds in that regard. — See Barnett v. Barnett,-340 -So.2d 548 (Fla^-l-st-DCA 1976); In re Estate of Lynagh, 177 So.2d 256 (Fla. 2d DCA 1965). — However,-the personal representative is not prohibited from advancing a-position regarding the timing of payment or the assets to be-used to satisfy the elective share of other such issue relating directly to the administration of the estate and-not intended-to-favor one beneficiary over another or- over the surviving spouse. A personal representative as a fiduciary has a duty of full disclosure to all interested persons and the-court, for instance regarding knowledge-ot-the existence of a ■marital agreement or other relevant facts. The committee offers-no-opinion on whether a personal representative may have-a duty to oppose - the entitlement — to the elective share based on the existence of-an apparently valid marital agreement.
The case of Menz v. Estate of Menz,- 38-1-So.2d 375 (Fla. 1st DCA 1980)> provides for -attorney’s fees-to-be awarded to the surviving spouse if the-personal representative fails to file-a petition to determine-the-amount of the elective share. — If the optional procedure-in-subdivision (a) is utilized, the filing -of-the petition to determine elective share -may be delayed until final-determination of entitlement.
Subdivisions (c-)-and (d) of this rule represent a rule implementation of the procedure found in section 732.214, Florida Statutes, — It is not-intended to change the effect.of- the statute from -which-it — was der-ived-but has been reformatted to conform with the structure of these rules. — It is not intended-to-ereate a- new procedure or modify an existing procedure.
The extensive rewrite of this rule in 2001 is intended to conform it with and provide procedures to accommodate amendments to Florida’s elective share statutes, §§ 732.201 et seg., Fla. Stat. Proceedings to determine entitlement to elective share are not specific adversary proceedings under rule 5.025(a), but may be declared adversary at the option of the party. Proceedings to determine the amount of elective share and contribution are specific adversary proceedings under rule 5.025(a). Requirements for service are intended to be consistent with the requirements for formal notice. Rule 5.040, Service of process may be required to obtain personal jurisdiction over direct recipients who are not otherwise interested persons and who have not voluntarily submitted themselves to the .jurisdiction of the court. Rule 5.040(a)(3)(C); ch. 48, Fla. Stat. Process and Service of Process; eh. 49, Fla. Stat., Constructive Service of Process. An inventory of the elective estate should be afforded the same confidentiality as other estate inventories. § 733.604(1) and (2), Fla. Stat. In fulfilling his or her obligations under this rule, a personal representative is not required to make impractical or extended searches for property entering into the elective estate and the identities of direct recipients. Pre-existing rights to dower and curtesy formerly addressed in subdivision (e) of this rule are now governed by new rule 5.365.
Rule History
1984 Revision: Extensive changes. Clarifies information to be included in a petition for elective share filed by a personal representative and specifies information to be included in an order determining *632 elective share. Committee notes revised and expanded.
1988 Revision: Extensive changes. A new procedure has been added providing for optional service of a notice of election together with a copy of the election and a procedure to expose objections to and determine right to entitlement, separate from the pre-existing procedure of determination of amount and setting aside. Subdivisions (c) and (d) represent rule implementation of procedure in statute. Committee notes revised and expanded. Citation form changes in committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
2001 Revision: Entire rule rewritten. Committee notes revised.
Statutory References
§§-732,201-732.21-5 — F-l-a—Stat. Elective share of surviving spouse,
§ 732,2025, Fla. Stat. Definitions.
§ 732.2035, Fla. Stat. Property entering into elective estate.
§ 732.2055, Fla. Stat. Valuation of the elective estate.
§ 732,2065, Fla. Stat. Amount of the elective share.
§ 732,2075, Fla. Stat. Sources from which elective share payable; abatement.
§ 732.2085, Fla. Stat. Liability of direct recipients and beneficiaries.
§ 732.2095, Fla. Stat. Valuation of property used to satisfy elective share.
§ 732,2125, Fla. Stat. Right of election; by whom exercisable.
§ 732,2135, Fla. Stat. Time of election; extensions; withdrawal.
§ 732.2145, Fla. Stat. Order of contribution; personal representative’s duty to collect contribution.
§ 733.604, Fla. Stat. Inventory.
Rule References
Fk^-Rrob. R. 5.02Q-Rleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
■E-la, Prob. R. 5.395 Notice- of federal estate tax return.
Fla. Prob. R. 5.340 Inventory.
Fla. R.App. P. 9.020(h) Definitions.
RULE 5.365. PETITION FOR DOWER
A widow may file an extraordinary petition for assignment of dower. The petition shall be filed in the court of each county where the widow’s husband had conveyed land in which the widow had not relinquished her right of dower before October 1, 1973. Formal notice shall be served on persons adversely affected. The proceedings shall be as similar as possible to those formerly existing for the ordinary assignment of dower.
Committee Notes
Rule History
2001 Revision: Derived from former rule 5.360(e).
Statutory Reference
§ 732.111 Dower and curtesy abolished.